In re VIDEO GAMING, INC., Debtor.

In re Calvin E. KINNEY, Jr., Debtor.

Calvin E. KINNEY, Jr., Plaintiff,

v.

INTERNAL REVENUE SERVICE OF the UNITED STATES of America, Defendant.

Bankruptcy Nos. BK–N–87–1229, BK–N–87–1346.
Adv. No. 90–031.

United States Bankruptcy Court, D. Nevada (Reno).

Feb. 20, 1991.

William Cope, Law Office of Alan R. Smith, Reno, Nev., for plaintiff.

Leland E. Lutfy, U.S. Atty., Reno, Nev. and J. Scott Moede, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

JAMES H. THOMPSON, Bankruptcy Judge.

Before the court are cross-motions for summary judgment and the Internal Revenue Service's (IRS) alternative motion for dismissal of the complaint.

The IRS levied First Centennial Title which was handling the escrow for a sale of Video Gaming, Inc. (VGI) property. The IRS agreed to release the levy on the condition that $36,657.99 be placed in an interest bearing account until further order of this court. The IRS also claims administrative priority for post-petition withholding taxes. The Debtor, Calvin E. Kinney, Jr., (Kinney) seeks to disallow the IRS's claim on the grounds that the IRS failed to file a proof of claim in the case. Kinney also opposes administrative priority for the post-petition withholding taxes because the court has not approved such priority after notice and a hearing under section 503(b).

■■■ Bankruptcy Rule 3003(c)(2) deals with the necessity of filing proofs of claim in chapter 11 reorganization cases.[1] The

---

1. "Who Must File. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; *any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and*

statutory penalty for failure to file a claim is the loss of the right to vote on and receive distribution under the plan. No other loss or penalty is affixed to a creditor's failure to file a claim in a chapter 11.[2] The IRS's failure to file timely a proof of claim would, at most, result in a loss of the right to payment under the plan. However, a creditor with a nondischargeable debt can collect outside the plan as well as under the plan. *See, e.g., In re Howell,* 84 B.R. 834, 836 (Bkrtcy.M.D.Fla.1988). A creditor with a nondischargeable debt is not constrained by a confirmed plan and is free to use available law to collect the debt once the automatic stay is lifted. *Id.* at 837.

■ Section 1141(d)(2) provides that the confirmed plan does not discharge an individual from a tax excepted from discharge under section 523.[3] Section 523 goes further and states that a discharge under section 1141 does not discharge an individual debtor from any debt for a tax of the kind specified in section 507(a)(7) *whether or not a claim for such tax was filed or allowed.*[4] Section 507(a)(7)(C) would include the 100% penalty taxes claimed by the IRS in this adversary.[5]

The legislative history of section 523(a)(1)(A) was reviewed in *In re Spruill,* 83 B.R. 359 (Bkrtcy.E.D.N.C.1988). The court stated "this legislative history suggests that the language of the final version of section 523(a)(1)(A) relied on by PCA was intended to prevent the discharge of tax claims which were never filed or filed

late but which would otherwise have been allowable." *Id.* at 361. The Appellate Panel in *In re Gurwitch,* 794 F.2d 584, 585–86 (11th Cir.1986) noted that "Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code."

■ This court concludes that the failure of the IRS to file a proof of claim for the pre-petition 100% penalty taxes does not render its claim dischargeable. Therefore, the confirmed plan does not bind the IRS as to this claim and the motion to disallow the IRS's claim is denied.

The IRS did file an administrative claim for $11,397.36 for post-petition employment taxes. Kinney argues that the IRS is not entitled to administrative treatment of this claim because the IRS did not obtain court approval after notice and a hearing under section 503. The IRS contends that a hearing is not required by this section. The IRS filed its standard form which is titled "Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expenses)", and which stated that it was an amendment to the proof of claim for taxes filed March 25, 1988. There is no necessity that this request for administrative payment relate back. It is an original claim for administrative expense and was filed May 9, 1988, well in advance of the plan confirmation hearing.

---

*distribution."* Bankruptcy Rule 3003(c)(2) (emphasis added).

2. The debtor's reliance on chapter 13 decisions is misplaced. Unlike the other chapters, in a standard ch. 13 case if the taxing authority does not timely file its proof of claim it is discharged. 11 U.S.C. §§ 1327, 1328; *In re Tomlan,* 102 B.R. 790 (Bkrtcy.E.D.Wash.1989), *aff'd* 907 F.2d 114, (9th Cir.1990). Only when a hardship discharge is granted under section 1328(d) is the claim of a taxing authority excepted from the discharge. *See,* 11 U.S.C. § 523(a).

3. "The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d)(2).

4. "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
  (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;
  ...." 11 U.S.C. § 523(a)(1)(A).

5. "(a) The following expenses and claims have priority in the following order:
  ... (7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
  ... (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;
  ...." 11 U.S.C. § 507(a)(7)(C).

**892**

Neither party cites any case authority interpreting section 503. The IRS did request payment and complied with section 503(a).[6] This request put Kinney on notice of the existence of the IRS's claim and that it would be allowed unless an objection was made. Section 502(a) provides that a filed claim is deemed allowed unless a party in interest objects. Section 502(i) further states that a post-petition 507(a)(7) tax claim will be allowed under 502(a).[7] Kinney could have challenged the IRS's unliquidated claim under section 502(b) or (c), but did not.

Section 507(a)(1) gives priority to administrative expenses allowed under section 503(b).[8] Section 503(b) begins with: "[a]fter notice and a hearing, there shall be allowed administrative expenses." The phrase " 'after notice and a hearing' ... means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely...." 11 U.S.C. § 102(1).

 According to section III of the confirmed plan the IRS's claim comes within the Class I creditors. The plan was set for hearing, heard and there was no objection to the IRS's request for adminstrative expense. Kinney had notice of the IRS's request for treatment as an administrative expense. Kinney had ample opportunity to object and did not do so. The court concludes that Kinney had "notice" and an opportunity for a hearing on any objections at the plan confirmation hearing. *See, In*

re *Allegheny Intern., Inc.*, 117 B.R. 171, 176 (W.D.Pa.1990). The court therefore holds that the claim should be accorded treatment as an administrative expense.

IT IS HEREBY ORDERED that the IRS's cross motion for summary judgment is granted and Kinney's motion for summary judgment is denied.

---

**6.** "(a) An entity may file a request for payment of an administrative expense." 11 U.S.C. § 503(a).

**7.** "(i) A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(7) of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section...." 11 U.S.C. § 502(i).

**8.** "(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

... (1)(B) any tax—
   (i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; ...." 11 U.S.C. § 503(b)(1)(B)(i).

Legislative history and case law interprets "incurred by the estate" to mean that post-petition 507(a)(7) taxes are allowed administrative priority but that.pre-petition 507(a)(7) taxes are not. *See, e.g., In re Lumara Foods of America, Inc.*, 50 B.R. 809 (Bkrtcy.N.D.Ohio 1985); *In re Mark Anthony Const., Inc.*, 886 F.2d 1101, 1103, (9th Cir.1989).