**In re James J. MARTIN aka Jay Martin and James Jay Martin (Soc. Sec. No. 555–74–8970) and Patricia J. Martin (Soc. Sec. No. 559–66–1797), Debtors.**

**James J. MARTIN and Patricia Martin, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 87–1757–A11.**
**Adv. No. 92–90555–A11.**

United States Bankruptcy Court,
S.D. California.

Jan. 29, 1993.

---

Mikel R. Bistrow, Thomas J. Schoettle, Jr., Luce, Forward, Hamilton & Scripps, San Diego, CA, for debtors/plaintiffs.

William Braniff, U.S. Atty., Robert H. Plaxico, Asst. U.S. Atty., San Diego, CA, John P. Pirkle, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the U.S.

## MEMORANDUM OPINION

LOUISE DeCARL ADLER, Bankruptcy Judge.

Plaintiffs James J. Martin and Patricia J. Martin ("plaintiffs" or "debtors") moved this Court for a preliminary injunction against the Internal Revenue Service ("IRS") and an Order to Show Cause Re Contempt for Violation of Court Order regarding confirmation of the plan of reorganization, specifically procedures for determining and collecting income taxes for the tax years 1984, 1985 and 1986.

The matter came on for hearing on September 10, 1992, and the parties were asked to submit additional authority. The continued matter was heard on October 8, 1992. The Court ruled the IRS could file an amended proof of claim for tax years 1984, 1985 and 1986; denied the debtors' motion re contempt; enjoined the IRS from further collection efforts outside the confirmed plan and took the matter under submission for a written opinion regarding the Court's decision to issue the preliminary injunction against the IRS.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and (O).

## BACKGROUND

Debtors filed their voluntary petition under Chapter 11 of Title 11 U.S.C. on March 11, 1987. On December 12, 1988, at the hearing on confirmation of debtors' plan of reorganization, the IRS objected on the grounds that the plan purported to deal with income taxes for 1984, 1985 and 1986, for which no tax returns had been filed. In open court, debtors and the IRS reached the following agreement with respect to the 1984–86 tax years: Debtors would file returns with the IRS' Special Procedure Office for the three missing years by Janu-

ary 15, 1989; the IRS would have 90 days after receipt of these returns within which to file additional or supplemental proofs of claim; the debtors would have 180 days from the date the IRS filed its claims to object to any new or supplemental claims filed. This agreement was incorporated in the amended plan and the plan was confirmed by this Court's order entered February 7, 1989.

Debtors filed their 1984–86 tax returns on or about April 10, 1989. On May 19, 1989, the IRS filed an amended proof of claim indicating no tax was due for these years.

Two and one-half years later, by Notice of Deficiency dated November 18, 1991, the IRS notified debtors of tax deficiencies for tax years 1984–86, of approximately $110,-000. The notice purported to give debtors 90 days to file a petition with the Tax Court for a redetermination of the deficiency. Apparently debtors took no action.

In July 1992, debtors received from the IRS its Notices of Intent to Levy for the deficiencies, penalties and interest totaling approximately $393,000, for the 1984–86 tax years. Debtors filed this adversary proceeding and the subject motion to enjoin the IRS from using collection procedures that exceeded the scope of those approved in the confirmed plan and order thereon.

Before embarking on a discussion of the issues presented here, it is appropriate to clearly distinguish what this Court is not addressing. First, there is no question that the IRS is bound by both the confirmed plan and this Court's order thereon. Not only has the IRS conceded this fact in its answer (at pg. 3), but case law is clear that the IRS is authorized to enter into agreements regarding tax obligations and such agreements are final and binding. See *In re Spendthrift Farm Inc.*, 931 F.2d 405 (6th Cir.1991) and *DeSantis v. U.S.*, 783 F.Supp. 165 (S.D.N.Y.1992).

Second, the parties agree that the IRS' claim for the 1984–86 taxes is nondischargeable under § 523(a)(1)(B)(ii).

Third, the debtors have agreed to allow the IRS to amend its previously filed proof of claim to seek further taxes for the 1984–86 tax years.

What remains for this Court to address involves the practical effect on the IRS of being bound by the plan and confirmation order. Debtor claims the IRS should be held to the plain terms of the agreement incorporated in the confirmed plan, by requiring the IRS to file its new, amended or supplemental claims in the bankruptcy case, and by affording the Debtors 180 days within which to object. Implicit in this scenario is the bankruptcy court's jurisdiction to determine the amount of the tax liability under § 505.[1]

The IRS argues that because its claims are non-dischargeable, the plan and order have no effect. The IRS argues that: 1) It cannot be constrained by any plan confirmation; 2) a plan confirmation cannot fix the tax liabilities; 3) it is free to collect the taxes outside the plan; 4) the bankruptcy court lacks jurisdiction to enjoin the IRS' collection attempts based on the Anti–Injunction Act; and 5) any attempt by a plan to restrict the IRS' rights to collect non-dischargeable taxes renders such a plan unenforceable.

This Court disagrees with the IRS' assessment of the impotence of the debtors' confirmed plan and the powerlessness of this Court to require the IRS' compliance. This Court finds that 1) the IRS must be held to the terms and procedures contained in the confirmed plan for determining and collecting its non-dischargeable tax claim, and 2) this Court is empowered to enjoin the IRS in order to "protect its jurisdiction, administer the bankruptcy estate in an orderly and efficient manner, and fulfill the overriding policy" of rehabilitating the

---

1. Bankruptcy Code § 505 provides in pertinent part:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

debtor. *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.Cal.1981). As will be discussed more fully below, once the IRS has submitted its claim to the jurisdiction of the bankruptcy court, it cannot later unilaterally withdraw the jurisdiction by employing unapproved, less confining procedures.

## STATEMENT OF THE ISSUES

I. Whether a confirmed plan, to which the IRS has agreed, can bind the IRS to a procedure for determining and collecting non-dischargeable tax claims.

II. If so, does the bankruptcy court have the power to enjoin the IRS from ignoring the agreed-upon procedures?

## DISCUSSION

### I.

■ The IRS points to a line of cases supporting its contention that under the Bankruptcy Code, the sole effect of its failure to file a proof of claim on an otherwise non-dischargeable tax claim, is a lack of ability to vote on a proposed plan and/or collect on that debt under the subsequently approved plan of reorganization. *See In re Stuber*, 142 B.R. 435 (Bankr.D.Kan.1992); *In re Video Gaming, Inc.*, 123 B.R. 889 (Bankr.D.Nev.1991); *In re Howell*, 84 B.R. 834 (Bankr.M.D.Fla.1988); *In re Gurwitch*, 794 F.2d 584 (11th Cir.1986). Section 1141(d)(2) specifically excepts from the effects of the confirmation of a plan those debts that are excepted from discharge under § 523. Section 523(a)(1)(B)(ii) includes taxes, whether or not a claim for such tax was filed or allowed, for which returns are late-filed. Therefore, the IRS concludes a confirmed plan has no effect on the IRS' ability to assess and collect its non-dischargeable taxes outside the plan.

The IRS' authority is factually distinguishable from this case. Here, the IRS chose to participate in the plan, negotiating with debtors and reaching agreement on a filing schedule for missing returns. It withdrew its objection to plan confirmation, agreed to the form of the confirmation order after hearing and filed its proof of

claim according to the agreed procedures. Now it wants to be free to pursue other determination and collection techniques as though it had never submitted a claim under the bankruptcy case. It argues that the confirmed plan specifically included the text of § 1141(d)(2), and therefore excludes non-dischargeable taxes from its operation.

This Court rejects the IRS interpretation and agrees with the better reasoned approach set forth in *In re Mercado*, 124 B.R. 799 (Bankr.C.D.Cal.1991). In *Mercado*, the holder of a potential non-dischargeable claim objected to a proposed plan on the grounds the plan impermissibly attempted to affect its rights. The plan included a provision to enjoin creditors from executing on any non-dischargeable judgment outside the parameters of the plan. 124 B.R. 799, 801.

■ The *Mercado* court adopted the narrow view of § 1141(d)(2), reasoning that the provision should be limited to holding the debt non-dischargeable. Although a plan cannot discharge the debt, it may otherwise subject the debt to its provisions. *Id.* "Stated another way, § 1141(d)(2) preserves the right of a creditor holding a nondischargeable debt to full payment. It does not provide that the provisions of a confirmed plan cannot affect the rights of such a creditor...." *Id.*

The *Mercado* reasoning is consistent with the Supreme Court's acknowledgment of the broad authority of bankruptcy courts, as courts of equity, to modify creditor-debtor relationships. *Id.* at 802 (citing *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990)). As the *Mercado* court summarized, the Supreme Court's decision in *Energy Resources* stands for the following principles:

(1) the bankruptcy court has broad equitable power to resolve debtor/creditor matters; (2) its equitable power is limited by specific provisions in the Bankruptcy Code and other federal laws that should be considered before exercising this power; and (3) absent specific conflicts in the Bankruptcy Code and federal law, a debtor has broad discretion to deal with its

creditors through the plan process, provided its actions are necessary for a successful reorganization, and the bankruptcy court has the equitable power to approve such plans.

*Id.*

In the case at hand, the IRS had full opportunity to participate in the plan process, and it chose to represent to the Court that it was satisfied with the agreed procedures for determining the amount of its nondischargeable claim, which effectively modified the creditor/debtor relationship. The Court is doing nothing more than holding the IRS to the previously acceptable procedures, the consent to which was a factor in this Court's analysis of the confirmability of the proposed plan. The IRS has subjected itself to this Court's jurisdiction and should not be allowed to object at this late date and in this improper manner.

## II.

Since the Court finds the IRS is bound to the procedures set forth in the confirmed plan, the broad powers of § 105(a) allow the Court to "[I]ssue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Debtors seek a preliminary injunction but the IRS argues that the Anti–Injunction Act[2] removes this tool from the bankruptcy court's grasp, citing *In re American Bicycle*, 895 F.2d 1277, 1279 (9th Cir.1990). Again, the authority cited by the IRS is factually distinguishable from the case at hand. *In re American Bicycle* involved the IRS' collection attempts against third parties, the debtor's responsible officers, and not against the debtor. The Ninth Circuit held that the proscription in the Anti–Injunction Act is not overridden by the general grant of authority provided in § 105(a) of the Bankruptcy Code, under these circumstances. However, the opinion leaves unaddressed whether the same proscription would be upheld under other factual scenarios.

This district has followed the Eighth Circuit's ruling in *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975) and recognized that "[T]he Court has jurisdiction to enjoin the IRS from the assessment and collection of taxes despite the anti-injunction statute *if such activity interferes with the orderly administration of the estate or the rehabilitation of the debtor.*" *In re Major Dynamics, Inc.*, 14 B.R. 969, 970 (Bankr.S.D.Cal.1981). *Major Dynamics* required the court's evaluation of whether the bankruptcy court could enjoin IRS investigations of third party creditors that threatened the orderly and efficient administration of the bankruptcy case, despite the Anti–Injunction Act. The court concluded that based on the authority of §§ 105(a) and 505, its jurisdiction could extend to:

> [T]ax disputes of third parties other than the debtor *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate, and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate. *Id.* at 972.

Here, the IRS actions are directly against the debtors and interfered with the administration of the estate and the debtors' rehabilitation by proposing to levy against debtors' assets outside the terms of the reorganization plan, during the plan period. Once the amended claim has been filed, debtors have their opportunity to object and the Court determines the amount of the allowed claim, it may appear the plan can no longer be consummated. At least the estate will have been administered in an orderly manner and in accordance with the mutually agreed procedures.

Just as the *Major Dynamics* court recognized its authority was not restricted by the Anti–Injunction Act, this Court finds that §§ 105(a) and 505 provide sufficient power to enjoin the IRS to compliance with

---

**2.** The Anti–Injunction Act provides that "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) (1982).

the confirmed plan and order thereon. Without the authority to enjoin the IRS, § 505 would be meaningless. The acknowledged power of the Court to determine tax liability is inconsistent with the inability to hold the IRS to the terms of the Court's order, which sets forth the method of determining the tax liability. Therefore, this Court concludes the IRS must be held to plan procedures for determining the amounts and collection of tax claims for 1984–86, and enjoins the IRS from procedures outside the scope of the plan.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to FRBP 7052. Plaintiff's counsel is directed to prepare an order in conformance with this Memorandum Decision within 10 days from its entry.