**UNITED STATES of America, Appellant,**

v.

**James J. MARTIN aka Jay Martin and James Jay Martin and Patricia J. Martin, Appellees.**

Civ. No. 93–326 H.
Bankruptcy No. 87–1757–A11.
Adv. No. 92–90555–A11.

United States District Court,
S.D. California.

June 8, 1994.

John B. Pirkle, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant.

James J. Martin, Patricia Martin, pro se.

## ORDER DISMISSING APPEAL AS MOOT

HUFF, District Judge.

## INTRODUCTION

On June 6, 1994, the court heard the United States' appeal of the bankruptcy court's issuance of an injunction. John Pirkle appeared on behalf of the United States. The appellees, who are proceeding in pro per, did not appear at the hearing. After considering the papers submitted and oral argument, the

court dismisses the appeal as moot. The United States has obtained the relief sought, resulting in an inability by this court to order any further effective relief. Nor has the United States requested the bankruptcy judge modify its earlier order in light of the later claim and summary judgment obtained by the government. The court declines to speculate whether Judge Adler would grant or deny a modification of an earlier order issued at a time when the government was refusing to submit a claim to the court or otherwise consent to the jurisdiction of the bankruptcy court. Later the government submitted a claim and obtained summary judgment from the bankruptcy court, but did not ask the court whether the earlier order prevented collection of the debt outside of the plan. Because the government obtained summary judgment, the appeal is moot. Thus, the court lacks jurisdiction to resolve the issue presented by the United States' appeal.

## BACKGROUND

On March 11, 1987, the Martins filed their voluntary petition under Chapter 11. At that time, the Martins had not filed their federal income tax returns for the years 1984, 1985, and 1986. On July 25, 1988, the United States filed a proof of claim, estimating $5,000 due for each of the three years.

On December 12, 1988, the bankruptcy court held the hearing on the debtors' reorganization plan. As recited in the bankruptcy court's memorandum decision of January 29, 1993, the IRS objected to the plan, because the plan purported to deal with the outstanding taxes for the three years, 150 B.R. 43. The memorandum decision further states the debtors and the IRS resolved the dispute and reached the following agreement in open court for the three tax years. The debtors would file the returns for the three years with the IRS's Special Procedure Office by January 15, 1989. The IRS would then have ninety days from the receipt of the returns to file additional or supplemental proofs of claim. Subsequently, the debtors would have 180 days from the date the IRS filed its additional or supplemental claims to object to the claims. The bankruptcy court

incorporated this agreement into the plan and the court confirmed the plan in its order entered on February 7, 1989. The plan also contained a clause excluding nondischargeable claims, pursuant to 11 U.S.C. § 1141(d)(2), from operation of the plan.

The debtors did not file the returns by January 15, 1989. The debtors filed the returns for the three years on April 10, 1989. In addition, the returns were filed with the Fresno Service Center instead of the Laguna Niguel Special Procedures Office. All three returns showed $0.00 owing. On May 19, 1989, the IRS filed an amended proof of claim. The bankruptcy court's memorandum decision states the amended proof of claim indicated no tax was due for the three years. The IRS, however, characterizes their amended claim as deleting any reference to the income tax due for the three years.

Approximately two-and-one-half years later, on November 18, 1991, the IRS sent a Notice of Deficiency to the debtors for the three tax years. The notice also included a deficiency for the years 1987 and 1988. The IRS asserts the notice was sent as a result of an audit. The deficiency reported for the years 1984 through 1986 was approximately $110,000, and the notice informed the debtors they had ninety days in which to file a petition with the tax court for a redetermination of the deficiency. The debtors filed a petition challenging the deficiency determinations for 1987 and 1988, but apparently took no action with regard to the years 1984 through 1986. Thus, after a default on the notice for the years 1984 through 1986, assessments for the three years were made. The assessments were as follows: $1,510 for 1984; $35,253 for 1985; and $74,926 for 1986.

In July 1992, the debtors received Notices of Intent to Levy from the IRS. The deficiencies, penalties, and interest for the three tax years approximated $393,000. In response, the debtors filed this action in bankruptcy court in January 1992. With regard to the present appeal, the action seeks an injunction prohibiting the IRS from using collection procedures that exceed the scope of those approved in the confirmed plan and resulting order.

On January 29, 1993, the bankruptcy court issued a memorandum decision. In this decision, the bankruptcy court enjoined the IRS from pursuing collection efforts outside the plan and ruled the IRS could file an amended proof of claim for the three tax years. The IRS appealed the order, and the debtors objected to the reference to the Bankruptcy Appellate Panel.

Meanwhile, on February 28, 1994, the bankruptcy court granted the IRS's motion for summary judgment on the tax years 1984 through 1988. The amounts granted for the three tax years is the deficiencies sought by the IRS: $1,510 for 1984; $35,253 for 1985; and $74,926 for 1986. In addition, for 1984, the court granted penalties in the amount of $1,920.90, interest in the amount of $2,419.77, and further additions accruing from April 10, 1992 according to law. For 1985, the court granted penalties in the amount of $34,387.21, interest in the amount of $44,733.86, and further additions accruing from April 10, 1992 according to law. For 1986, the court granted penalties in the amount of $66,987.82, interest in the amount of $76,937.73, and further additions accruing from April 10, 1992.

The court previously scheduled a hearing on this matter for May 16, 1994. The court, however, continued the hearing in order to give the debtors an additional opportunity to submit a brief. The debtors have now submitted a brief describing their position.

## DISCUSSION

The parties agree the taxes due for the three years constitute a nondischargeable claim. The taxes are nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) and (B)(ii). Pursuant to 11 U.S.C. § 1141(d)(2), the plan does not discharge the claims. This section provides:

> The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

Thus, because the IRS holds a nondischargeable claim, the IRS was not forced to choose between participating in the Chapter 11 plan or foregoing its ability to collect its claims.

*In re Gurwitch,* 794 F.2d 584, 585 (11th Cir.1986); 11 U.S.C. § 523(a)(1)(A).

■ However, the bankruptcy court issued an injunction because the IRS did choose to participate in the plan, by negotiating with the debtors and reaching an agreement on a filing schedule for missing returns. This agreement resulted from the United States' objection to the inclusion of the taxes in the plan. After reaching the agreement, the IRS withdrew its objections to the plan confirmation and submitted its proof of claim according to the agreed procedures. The issue presented by the IRS's appeal is one of first impression in this district and circuit: whether the Anti–Injunction Act precludes the issuance of the injunction under the narrow circumstances of this case.

■ The court, however, finds the action to be moot and, thus, the court may not render an opinion on this issue. A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States,* —— U.S. ——, ——, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)). If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effective relief, the court must dismiss the appeal. *Church of Scientology,* —— U.S. at ——, 113 S.Ct. at 449. "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek,* 823 F.2d 343, 345 (9th Cir.1987). The Ninth Circuit has concluded the determinative issue is "whether there exists a 'present controversy as to which effective relief can be granted.'" *People of Village v. Babbitt,* 999 F.2d 403, 406 (9th Cir.1993) (quoting *Northwest Environmental v. Gordon,* 849 F.2d 1241, 1244 (9th Cir.1988)).

Because the United States has chosen to submit a proof of claim and has obtained summary judgment granting the United States the amount of taxes it sought, this court is unable to grant any additional relief or redress any additional injuries suffered by

the United States in this action. The United States argues the case is not moot because it only filed a claim and sought summary judgment because it was otherwise subject to contempt of court. Regardless of the reasons the United States pursued its action, the action is moot because this court would merely be rendering an advisory opinion on whether the bankruptcy court's initial order was erroneous. The court is particularly reluctant to address the issue under these circumstances because the issue is one of first impression in this district and circuit. In addition, there may be a split of authority on this difficult and important issue.

The United States asserts the action is not moot because it is limited to pursuing its claims through the plan. It is uncertain at this point whether the United States may seek compensation outside the plan. After granting summary judgment, the bankruptcy court has given no indication the United States is limited to the plan. Thus, once the United States submitted a claim and the sums due were determined, the bankruptcy court may not intend to limit the United States to collection under the plan. The granting of the summary judgment motion has substantially affected the facts underlying this appeal. The United States should first petition the bankruptcy court for a determination as to whether the bankruptcy court intends to limit the United States' relief to the plan. This court will not speculate or assume the bankruptcy court has limited the United States to the plan. As stated above, the court is particularly hesitant to make this assumption, which would result in the necessity to decide an important issue of first impression. If the bankruptcy court limits the United States to the plan and the United States feels this is erroneous, the United States is free to appeal the bankruptcy court's order. At this point, however, the action is moot. Accordingly, this court lacks jurisdiction over the appeal and dismisses the appeal.

IT IS SO ORDERED.