BEEZER, Circuit Judge:
 

 Lon Lawrence Bleak (debtor) appeals from the order of the United States District Court for the District of Arizona holding that his liability to the United States is nondischargeable in bankruptcy. The debt- or urges that the district court erred in concluding that an erroneous income tax refund is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) and we affirm.
 

 I
 

 FACTUAL BACKGROUND
 

 The debtor filed an individual income tax return for 1981. In his return the debtor left blank the spaces for withholding credit
 
 *1369
 
 and tax due. The debtor’s W-2 form, which he attached to his tax return, contained a typographical error indicating that “1585198” in taxes had been withheld from the debtor’s wages when in fact only $1,585.98 had been withheld. As a result of this error, the Internal Revenue Service erroneously credited the debtor as having paid $15,851.98 in taxes and issued a refund of $14,797.98, $13,212 of which was erroneous.
 

 The debtor never contacted the IRS concerning his refund even though it exceeded his gross income for the year. Instead, he negotiated the check and spent the proceeds. The IRS subsequently discovered its error and demanded repayment of the erroneous refund.
 

 In April 1984, after he had repaid only $315 of the erroneous refund, the debtor filed a voluntary petition in bankruptcy. In his bankruptcy schedules the debtor listed his liability to the government as a general unsecured debt. The government asserted that the liability was a nondis-chargeable tax under section 523(a)(1)(A) of the Bankruptcy Code or, alternatively, that the refund had been obtained by false pretenses and was nondischargeable pursuant to section 523(a)(2)(A).
 

 The bankruptcy court ruled that the debtor, by endorsing and negotiating the refund check, had obtained money by false pretenses and the debt was nondischargeable under section 523(a)(2)(A). Affirming, the district court held that the debtor’s liability was a nondischargeable tax under section 523(a)(1)((A). We affirm on the ground relied by the district court and decline to address the issue of whether the false pretenses claim was raised properly before the bankruptcy court.
 

 II
 

 STATUTORY FRAMEWORK
 

 Section 523 of the Bankruptcy Code is the general provision enumerating the exceptions to a debtor’s discharge in bankruptcy. A debtor remains obligated to satisfy nondischargeable claims with post-petition property and earnings. Section 523 provides in pertinent part:
 

 (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
 

 (1) For a tax or custom duty—
 

 (A) of the kind and for the periods specified in section ... 507(a)(6) of this title....
 

 11 U.S.C. § 523. Thus, the debtor is not discharged from tax liabilities, as defined in section 507(a)(6) of the Bankruptcy Code.
 
 [1]
 

 Section 507 of the Bankruptcy Code enumerates the liabilities that are entitled to priority. The priorities contained in section 507 are designed to assure payment, if possible, for certain classes of claims by requiring that they be paid before others are satisfied. Section 507(a)(6) accords sixth priority to certain types of taxes and provides in relevant part:
 

 (a) The following expenses and claims have priority in the following order:
 

 [(6) Sixth], allowed unsecured claims of governmental units, only to the extent that such claims are for—
 

 (A) a tax on or measured by income or gross receipts—
 

 (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of filing of the petition.
 

 11 U.S.C. § 507. Additionally, at the time this case was filed, section 507(c) provided that a claim arising from an erroneous refund would be treated the same as a claim for the tax to which the refund relates.
 
 [2]
 
 Thus, for the purpose of determin
 
 *1370
 
 ing priority, an erroneous refund and the tax to which the refund relates are treated identically. The debtor admits that the government’s claim is entitled to sixth priority.
 
 [3]
 
 The debtor contends, however, that an erroneous refund should not be treated as a tax for the purpose of determining dischargeability. The government asserts that the erroneous refund should be treated as a tax both for purposes of priority and discharge. The question whether the government’s claim for an erroneous refund is nondischargeable under section 528 of the Bankruptcy Code is a question of law, reviewable de novo.
 
 Ragsdale v. Haller,
 
 780 F.2d 794, 795 (9th Cir.1986).
 

 Ill
 

 ANALYSIS
 

 The debtor argues that section 523 excepts from discharge taxes, but not liabilities stemming from an erroneous tax refund. This argument is unpersuasive. Congress envisioned a close relationship between priority and discharge. The discussion concerning nondischargeable liabilities contained in the Senate report accompanying the 1978 Bankruptcy Act demonstrates the nature of this relationship.
 

 Subsection (a) [of section 523] lists nine kinds of debts excepted from discharge. Taxes that are excepted from discharge are set forth in paragraph (1).
 
 Those include claims against the debtor which receive priority in the second, third and sixth
 
 categories-
 

 S.Rep. No. 989, 95th Cong., 2d Sess. 77,
 
 reprinted in
 
 1978 U.S. Code Cong. & Ad. News 5787, 5863 (emphasis added). This language evinces Congress’ intent to except from discharge all claims that receive sixth priority; including debts arising from erroneous refunds.
 
 See also 3 Collier on Bankruptcy,
 
 § 523.06[2] at 523-17 (15th ed. 1985) (“The cross-reference to section [507(a)(6)] excepts from discharge the unsecured claims of governmental units that constitute the [sixth] category of claims entitled to priority”).
 

 The debtor also contends that the 1984 amendment to section 507(c) of the Bankruptcy Code supports his claim that erroneous refunds receive sixth priority but are not excepted from discharge. The debtor’s reliance on the 1984 amendment is misplaced. The amendment applies only to cases filed 90 days after the statute’s enactment on July 10, 1984.
 
 See
 
 Pub.L. 98-353 § 553. Debtor filed his bankruptcy petition on April 24, 1984. Accordingly, the 1984 amendment is inapplicable.
 

 AFFIRMED.
 

 [1]
 

 . The Bankruptcy Code was amended in 1984. Pursuant to these amendments section 507(a)(6) was renumbered 507(a)(7). Congress unfortunately failed to amend the reference to section 507(a)(6) contained in section 523. For the sake of simplicity, we will refer to sections 507 and 523 as they appeared before the 1984 amendment.
 

 [2]
 

 . Subsequent changes in the language of § 507(c) by the 1984 amendment are not relevant to this case.
 
 See Infra
 
 at 1367-70.
 

 [3]
 

 . The debtor’s petition in bankruptcy was filed on April 24, 1984, while his federal income tax return was due on April 15, 1982. The debtor’s liability for his income tax and the erroneous refund are, therefore, within the three year period specified in section 507(a)(6)(A)(i).