**In re Lindburgh JACKSON, Debtor.**

**Lindburgh Jackson, Appellant,**

v.

**United States of America, Appellee.**

**No. CIV.A. 99–D–1203–N.**

United States District Court,
M.D. Alabama,
Northern Division.

March 29, 2000.

Cynthia Lewis Stier, United States Department of Justice, Tax Division, Washington, DC, for appellee represented by Stier.

Cecil M. Tipton, Jr., Ray & Tipton, Opelika, AL, for appellant represented by Tipton.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This case is before the court on appeal from the United States Bankruptcy Court for the Middle District of Alabama ("Bankruptcy Court"). Lindburgh Jackson ("Debtor") appeals the August 24, 1999, judgment of the Bankruptcy Court. The Bankruptcy Court entered a Judgment against Debtor based on its finding that the Debtor's liability to the United States for an erroneous tax refund is excepted from discharge under 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i), and 507(c). Debtor filed a brief ("Appellant's Br.") in this court on November 1, 1999. On November 15, 1999, the United States filed a response brief ("Appellee's Br."). Debtor filed a reply brief ("Reply") on November 23, 1999. For the reasons that follow, the judgment of the Bankruptcy Court is due to be reversed.

### JURISDICTION

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

### STATEMENT OF THE CASE

The facts are not in dispute. (Appellant's Reply Br. at 2.) On March 26, 1996, the Internal Revenue Service ("IRS") attempted to apply a credit in the amount of $34,491.84 to the tax account of the taxpayer with social security number 263–96–3787. (Appellee's Br. at 4.) That credit was erroneously applied to the tax account of Debtor, whose social security number is 263–46–3787. (Id.) On that date, Debtor owed $464.63 to the IRS for delinquent income taxes for the 1988 tax year. (Id.) After deducting Debtor's tax liability from the $34,491.84 credit, the IRS issued a refund check to Debtor in the amount of $34,084.89 on April 13, 1996.[1] (Id. at 4–5.)

The IRS later discovered its error and asked Debtor to return the erroneous refund paid to him. Debtor refused to do so. Therefore, on February 3, 1998, the United States filed a lawsuit in the United States District Court for the Middle District of Alabama to collect the erroneous tax refund. (Id. at 5.) Two months later, on April 1, 1998, Debtor filed a Chapter 7

---

1. The court notes that the difference between $34,491.84 and $464.63 is $34,027.21.

petition for bankruptcy. (*Id.*) On April 16, 1998, the district court dismissed without prejudice the United States' lawsuit to collect the erroneous refund. (*Id.*) On December 8, 1998, Debtor received a discharge from bankruptcy under 11 U.S.C. § 727. (*Id.*)

On February 8, 1999, the United States filed in the Bankruptcy Court a complaint to determine the dischargeability of the erroneous tax refund paid to Debtor. The Parties filed cross motions for summary judgment on the issue of whether Debtor's liability for the erroneous tax refund is excepted from discharge. On August 24, 1999, the Bankruptcy Court granted summary judgment for the United States. It found that Debtor's liability for the erroneous tax refund was excepted from discharge under 11 U.S.C. § 523(a)(1)(A), by way of 11 U.S.C. §§ 507(a)(8)(A)(i) and 507(c). *See United States v. Jackson (In re Jackson)*, 241 B.R. 473, 475–76 (Bankr. M.D.Ala.1999).

### ISSUES ON APPEAL

1. Is an individual debtor's debt for an erroneous tax refund excepted from discharge under 11 U.S.C. § 523(a)(1)(A)?

2. If so, is the United States estopped from asserting that Debtor's debt for the erroneous tax refund at issue in this lawsuit is excepted from discharge when Debtor allegedly chose to file for bankruptcy in reliance on the United States' representations that the erroneous tax refund pertained to tax year 1988?

### STANDARD OF REVIEW

■ The district court reviews a bankruptcy court's factual findings under the clearly erroneous standard. *See* FED. R. BANKR. P. 8013; *In re Club Assoc.*, 951 F.2d 1223, 1228 (11th Cir.1992). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *See Anderson v. City of Bes-*

*semer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ In contrast, the district court reviews *de novo* the bankruptcy court's legal conclusions. *See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593 (11th Cir.1990). The district court must independently examine the law and draw its own conclusions after applying the law to the facts. *See Prestwood v. United States (In re Prestwood)*, 185 B.R. 358, 360 (M.D.Ala.1995). "On appeal the district court … may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

### DISCUSSION

■ Debtor contends that the Bankruptcy Court erred in finding that his debt to the IRS for the erroneous tax refund is excepted from discharge. Specifically, according to Debtor, a debt for an erroneous tax refund is not excepted from discharge under 11 U.S.C. § 523(a)(1)(A). (Appellant's Br. at 3–6.) Alternatively, if § 523(a)(1)(A) excepts from discharge a debt for an erroneous tax refund, Debtor contends that the United States is estopped from asserting that his debt for the erroneous tax refund is excepted from discharge. Namely, Debtor contends that he filed his bankruptcy petition in reliance on the United States' representation that the erroneous refund related to the tax year 1988, which is more than three years prior to 1996, the year in which he filed his petition. Therefore, Debtor states that he incurred his debt outside of the time period for which debts are excepted from discharge under § 523(a)(1)(A). (*Id.* at 7–12.) Debtor asks the court to reverse the judgment of the Bankruptcy Court and enter summary judgment in his favor under either of these two theories. (*Id.* at 12.)

In contrast, the United States argues that the Bankruptcy Court did not err and

that its judgment should be affirmed. (Appellee's Br. at 17.)

■ The resolution of this lawsuit turns on the interrelatedness, or lack thereof, of four provisions of the Bankruptcy Code, specifically, 11 U.S.C. §§ 727, 523(a)(1)(A), 507(a)(8)(A)(i), and 507(c). Section 727 generally discharges a debtor from his or her debts that arose before he or she filed a petition for bankruptcy. *See* 11 U.S.C. § 727. Section 727 reflects the Bankruptcy Code's rehabilitative nature, providing a debtor with a "fresh start." *Haas v. Internal Revenue Serv. (In re Haas)*, 48 F.3d 1153, 1156 (11th Cir.1995).

However, section 523(a) enumerates eighteen categories of debts that are excepted from a debtor's discharge, i.e., that are not dischargeable. *See* 11 U.S.C. § 523(a); *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir.1998). Relevant to this lawsuit is § 523(a)(1)(A), which excepts from discharge any debt incurred by an individual debtor

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. § 523(a)(1)(A).

Section 507(a) lists the priority order of expenses and claims. Subsection (2) gives second priority to unsecured claims allowed under section 502(f) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(2). Subsection (8), in relevant part, gives eighth priority to

allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i). Therefore, an individual debtor's debt to a governmental unit for an income tax is excepted from discharge if it pertains to a taxable year the return due date of which is three years or less before the date the debtor filed a bankruptcy petition. *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i). In turn, section 507(c) provides as follows: "For the purpose of [section 507(a)], a claim of a governmental unit arising from an erroneous refund or credit of a tax has the same priority as a claim for the tax to which such refund or credit relates." 11 U.S.C. § 507(c).

Here, the Bankruptcy Court read into section 507(c)'s requirement that a claim for a debt for an erroneous tax refund be accorded the same "priority" as a claim for a tax debt, a requirement that a claim for a debt for an erroneous tax refund also *be treated the same* as a claim for a tax debt for purposes of dischargeability under section 523(a)(1)(A). *See Jackson*, 241 B.R. at 475–76. In other words, according to the Bankruptcy Court, a debt for an erroneous tax refund is excepted from discharge to the same extent that a tax debt is. *See id.* Thus, the Bankruptcy Court rejected Debtor's contrary construction of section 507(c), reasoning that "[t]he Debtor's construction of Section 507(c) ... would result in a windfall to the Debtor and eviscerate the underlying and well-established policy that tax liabilities are not dischargeable for a period of at least three years." *Id.* at 476.

The Bankruptcy Court also rejected Debtor's argument that the erroneous tax refund related to the 1988 tax year-the year of Debtor's delinquent tax debt against which the IRS offset the erroneous refund. *See id.* at 475. The Bankruptcy Court determined that "[t]here is no relationship between the erroneous refund and the 1988 liability, except that the erroneous credit, like any other credit, is first set off against any unpaid taxes before a refund is made to the taxpayer." *Id.* The

Bankruptcy Court found that the erroneous refund related to 1996, the year in which Debtor received the refund. *See id.* Therefore, it concluded that, because "Debtor's 1996 tax return was due on April 15, 1997, which is within three years of the date of the petition in this case, the liability here would be excepted from discharge." *Id.*

Prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984, 99 Stat. 333, ("1984 Act"), section 507(c) read that "[f]or the purpose of subsection (a) of this section, a claim of a governmental unit arising from an erroneous refund or credit of a tax *shall be treated the same* as a claim for the tax to which such refund or credit relates." 11 U.S.C. § 507(c) (1983) (emphasis added). The 1984 Act, in part, amended § 507(c) by striking out "shall be treated the same" and inserting in lieu thereof "has the same priority." 99 Stat. 333 § 449(b) (1984); 11 U.S.C. 507(c) (1984).

Debtor argues that the Bankruptcy Court's construction of section 507(c), which excepts from discharge under section 523(a)(1)(A) an erroneous tax refund to the same extent as a tax debt, would have been correct prior to section 507(c)'s amendment by the 1984 Act. (Appellant's Br. at 4–6.) He contends, however, that such a construction is no longer supported by section 507(c)'s text. (*Id.*) According to Debtor, "Congress obviously envisioned a disconnection between priority and dischargeability; the 1984 revision specifically limited § 507(c) to priority, thereby separating the two." (*Id.* at 6.)

On the other hand, the United States argues that "Congress clearly intended to include governmental claims arising from an erroneous credit and/or refund [f]or taxes within the definition of 'tax' found at Section 507(a)(8) by enacting 11 U.S.C. Section 507(c). . . ." (Appellee's Br. at 8.) According to the United States, "[i]t would violate the statutory intent of the priority and discharge provisions of the Bankruptcy Code to hold that the erroneous refund

in this case is not excepted from discharge." (*Id.* at 9.)

Since the 1984 Act's amendment to section 507(c) took effect, the issue of whether a debt for an erroneous tax refund is to be treated the same as a debt for a tax itself for purposes of dischargeability has not been addressed on appeal, in the Eleventh Circuit or elsewhere. However prior to the enactment of the 1984 Act, the leading case on this issue was *Bleak v. United States,* 817 F.2d 1368 (9th Cir.1987). In *Bleak,* the debtor's W–2 form, which he attached to his 1981 individual income tax return, contained a typographical error indicating that "1585198" in taxes had been withheld from the debtor's wages when in fact only $1,585.98 had been withheld. *Id.* at 1369. As a result of this error, the IRS erroneously credited the debtor as having paid $15,851.98 in taxes and issued a refund to him in the amount of $14,797.98, of which $13,212.00 was erroneous. *See id.* After discovering its error, the IRS demanded that the debtor repay the erroneous refund. *See id.* In response, the debtor repaid only $315.00 of the erroneous refund and, in April 1984, filed a voluntary petition in bankruptcy. *See id.* The government filed an adversary proceeding in the bankruptcy court claiming that the refund was excepted from discharge under section 523(a)(1)(A) or, alternatively, under section 523(a)(2)(A). *See id.* The bankruptcy court found that the debtor had obtained the erroneously refunded money by false pretenses and, thus, concluded that the debt was nondischargeable under § 523(a)(2)(A). *See id.* The district court affirmed, but on the ground that the debtor's liability for the erroneous refund was a non-dischargeable tax under section 523(a)(1)(A). *See id.* On appeal to the Court of Appeals for the Ninth Circuit, the sole issue was whether an erroneous income tax refund is excepted from discharge under section 523(a)(1)(A). *See id.* at 1368.

The Ninth Circuit stated that, "at the time this case was filed, section 507(c)

provided that a claim arising from an erroneous refund would be treated the same as a claim for the tax to which the refund relates. Thus, for the purpose of determining priority, an erroneous refund and the tax to which the refund relates are treated identically." *Id.* at 1369–70. The debtor, however, argued that an erroneous refund should not be treated as a tax for the purpose of determining dischargeability. *See id.* at 1370. In contrast, the government asserted that an erroneous refund should be treated as a tax for purposes of both priority and discharge. *See id.* The *Bleak* court agreed with the government. *See id.* It reasoned,

> Congress envisioned a close relationship between priority and discharge. The discussion concerning nondischargeable liabilities contained in the Senate report accompanying the 1978 Bankruptcy Act demonstrates the nature of this relationship.
>
> > Subsection (a) [of section 523] lists nine kinds of debts excepted from discharge. Taxes that are excepted from discharge are set forth in paragraph (1). Those include claims against the debtor which receive priority in the second, third and sixth categories
> > . . . .
>
> This language evinces Congress' intent to except from discharge all claims that receive sixth priority; including debts arising from erroneous refunds.

*Id.* (internal citations omitted).

Finally, the debtor contended that the amendment to section 507(c) contained in the 1984 Act supports his claim that an erroneous tax refund is not excepted from discharge. *See id.* Without specifically addressing the effect the 1984 Act's amendment of section 507(c) on the dischargeability of erroneous tax refunds, the *Bleak* court determined that the amended version of section 507(c) was inapplicable to the debtor's case because he filed his petition before the amended provision took effect. *See id.*

The *Bleak* court's reasoning that a debt for an erroneous tax refund is excepted from discharge under section 523(a)(1)(A) turned on the pre–1984 Act version of section 507(c). Specifically, the *Bleak* court's conclusion stemmed from the fact that at that time section 507(c) mandated that "an erroneous refund would be treated *the same as* a claim for the tax to which the refund relates." *Id.* at 1369 (emphasis added).

It is apparent from its text that the 1984 Act significantly narrowed the scope of section 507(c) by replacing the "shall be treated the same" language with the "has the same priority" language. In particular, the 1984 Act implies that Congress intended to place on a pedestal only the priority, not the dischargeability, of a claim for an erroneous tax refund and credit, thereby creating a disconnect between a claim for an erroneous tax refund and credit and a claim for a tax. Therefore, *Bleak's* rationale for holding that a debt for an erroneous tax refund is excepted from discharge under section 523(a)(1)(A) is not applicable to the case at bar. *See* 4 Collier on Bankruptcy § 523.07[5] (15th ed. 1999) ("The 1984 amendment to section 507(c) may undermine th[e] holding [of *Bleak*].").

In sum, prior to the 1984 Act, the only provision in the Bankruptcy Code for treating an erroneous tax refund as dischargeable under section 523(a)(1)(A) was section 507(c) by way of its "shall be treated the same" language. However, as stated, the 1984 Act removed that language and, thus, that linchpin. Under the current version of section 507(c), a claim for a debt for an erroneous tax refund is obviously given the same priority as a claim for a tax debt. Yet, section 507(c) no longer mandates that a claim for a debt for an erroneous tax refund "be treated the same" as a claim for a tax debt for purposes other than priority, including dischargeability. Therefore, the court finds that section 523(a)(1)(A) does not except from discharge an erroneous tax refund.

The court's finding is not only textual, but is consistent with the principle that exceptions to discharge should be construed narrowly so as to further the Bankruptcy Code's "fresh start" policy. *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994).[2]

Because it will reverse this case based on the statutory construction issue, the court finds that it is unnecessary to address Debtor's estoppel argument.

### CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that the judgment of the Bankruptcy Court be and the same is hereby REVERSED and the cause is RENDERED in favor of the Debtor–Appellant and against the Creditor–Appellee.

---

**2.** The Bankruptcy Court, in construing section 507(c) to require a debt for an erroneous tax refund to be treated the same as a tax debt for purposes of dischargeability relied on *In re Campbell*, No. 87 B. 6407 C, 1990 WL 284750 (Bankr.D.Colo. Dec.6, 1990). *See Jackson*, 241 B.R. at 475–76. The *Campbell* court, however, relied on *In re Coleman American Moving Services, Inc.*, 20 B.R. 267 (Bankr.D.Kan.1981), which was decided based on the pre–1984 Act version of section 507(c). Consequently, both *Coleman* and *Campbell* are inapplicable to the case at bar for the same reason that *Bleak* is inapplicable. Furthermore, the court finds that the Bankruptcy Court's policy rationale—that to allow Debtor to discharge his debt for the erroneous tax refund would constitute a windfall to him—is flawed for two reasons. First, as discussed, the Bankruptcy Court's rationale conflicts with a textual construction of the Bankruptcy Code. Second, the Bankruptcy Code, through section 727, is intended to protect debtors by generally discharging their debts, but for the specific exceptions to discharge enumerated in section 523(a).