In Re John F. FRONTONE and
Kathleen M. Frontone,
Debtors.

No. 02–75663.

United States Bankruptcy Court,
C.D. Illinois.

July 2, 2003.

John S. Narmont, Springfield, IL, for debtor.

Elizabeth L. Collins, Springfield, IL, for Internal Revenue Service.

John H. Germeraad, Petersburg, IL, Chapter 13 Trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is the Debtors' Objection to Claim of Internal Revenue Service ("IRS"), and the Response of IRS thereto.

Debtors timely filed their federal income tax return for the year 2000. Their return listed a total tax owed of $10,114, and total withholding payments of $9,280.

On May 28, 2001, IRS sent Debtors a Notice CP12, which stated that IRS "changed the figures on your 2000 tax return because we found one or more mistakes which changed the amount of your refund." The Notice indicated that Debtors had overpaid $5,140.44 because "[y]ou figured your self-employment tax on Schedule SE incorrectly." IRS issued Debtors a refund check in that amount.

On July 30, 2001, IRS made a supplemental assessment for the year 2000 of $5,977.44.

On September 30, 2002, Debtors filed a Chapter 7 bankruptcy; Debtors were issued a discharge on January 2, 2003.

On December 30, 2002, Debtors filed the pending Chapter 13 bankruptcy. In their pending case, Debtors scheduled IRS as having an unsecured priority claim in the amount of $609.29.

On January 13, 2003, IRS filed a Proof of Claim in the amount of $7,066.95. This total consists of (i) $5,470.44 for 2000 taxes, plus (ii) $598.03 interest relating thereto, plus (iii) $628.00 for 2001 taxes, plus (iv) $27.31 interest relating thereto, plus (v) $343.17 in general unsecured claims.

On January 22, 2003, Debtors filed their objection to the claim of IRS. Debtors admitted owing IRS for taxes due for the year 2001; however, they assert that the discharge in bankruptcy issued on January 2, 2003, discharged a debt owed to IRS in the amount of $5,140.44 which arose as a result of a tax refund made in error by IRS relating to 2000 taxes. IRS filed a response admitting that the Debtors were erroneously issued a refund on May 28, 2001, before an additional examination and adjustment was made which resulted in an assessed liability on July 30, 2001. IRS contends that the fact that Debtors received a tax refund in error does not change the fact that they owe a tax liability pursuant to a valid supplemental assessment, and that that liability survived the Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(1).

A hearing was held on March 11, 2003, and the matter was taken under advisement. The parties have subsequently submitted briefs on the issue.

The allowance or disallowance of the disputed component of IRS's claim turns on the question of whether the debt relating to the 2000 taxes was discharged in Debtors' prior Chapter 7 case.

Section 727 of the Bankruptcy Code generally discharges a debtor from debts which arose before the filing of a petition in bankruptcy. *See* 11 U.S.C. § 727. However, Section 523(a) itemizes

eighteen categories of debts which are excluded from a debtor's discharge. *See* 11 U.S.C. § 523(a). Relevant to this case is § 523(a)(1)(A), which excepts from discharge any debt incurred by an individual debtor–

(1) for a tax or a customs duty–

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed(.)

11 U.S.C. § 523(a)(1)(A).

■ Section 507(a) lists the priority order of expenses and claims. Subsection (8), in pertinent part, gives eighth priority to–

allowed unsecured claims of governmental units, only to the extent that such claims are for–

(A) a tax on or measured by income or gross receipts–

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition(.)

11 U.S.C. § 507(a)(8)(A)(i). Therefore, an individual debtor's debt to a governmental unit for an income tax is excepted from discharge if it relates to a taxable year for which the due date of the return is three years or less before the date the debtor filed a petition in bankruptcy. *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i).

Finally, Section 507(c) states as follows:

(c) For the purpose of [section 507(a)], a claim of a governmental unit arising from an erroneous refund or credit of a tax has the same priority as a claim for the tax to which such refund or credit relates.

11 U.S.C. § 507(c).

■ Under Section 507(c), a claim which arises out of an erroneous tax refund is given the same priority as a claim for the underlying tax; however, it is not given the same status of nondischargeability as the underlying tax. *In re Jackson,* 253 B.R. 570 (M.D.Ala.2000). The language of § 507(c) is a change from the pre–1984 version of the statute, which provided that the claim arising out of an erroneous refund was to be "treated the same as" the underlying tax. That prior version of the statute was interpreted as giving an erroneous refund claim the same nondischargeability status as the underlying tax. *Bleak v. U.S.,* 817 F.2d 1368 (9th Cir.1987). However, in *Jackson,* the court held that the effect of the 1984 amendment (changing the "treated the same" language to "has the same priority") was to create a disconnect between a claim arising out of an erroneous refund and a claim for the underlying tax:

[The] 1984 Act implies that Congress intended to place on a pedestal only the priority, not the dischargeability, of a claim for an erroneous tax refund and credit, thereby creating a disconnect between a claim for an erroneous tax refund and credit and a claim for a tax. . . .

In sum, prior to the 1984 Act, the only provision in the Bankruptcy Code for treating an erroneous tax refund as dischargeable under section 523(a)(1)(A) was section 507(c) by way of its "shall be treated the same" language. However, as stated, the 1984 Act removed that language and thus, that linchpin. . . . Therefore, the court finds that section 523(a)(1)(A) does not except from discharge an erroneous tax refund. The court's finding is not only textual, but

consistent with the principle that exceptions to discharge should be construed narrowly so as to further the Bankruptcy Code's "fresh start" policy.

*In re Jackson, supra,* 253 B.R. at 575–76.

■ In this case, IRS argues that its claim is not really an erroneous refund claim because, instead of pursuing an erroneous refund action under 26 U.S.C. § 7405, it made a supplemental tax assessment under 26 U.S.C. § 6201 or § 6204 once it realized its error.

The Bankruptcy Code does not acknowledge the distinction which the IRS offers in support of its position. Section 507(c) refers to "a claim of a governmental unit arising from an erroneous refund or credit". It is undisputed that IRS erroneously refunded to the Debtors income taxes for the year 2000 which it now claims are owed. How IRS chooses to recover those funds is irrelevant. When IRS makes an erroneous refund, it may remedy its error either through an erroneous refund proceeding or through a supplemental assessment. *O'Bryant v. U.S.,* 49 F.3d 340, 342–43 (7th Cir.1995). However, IRS's choice of remedy is not pertinent to how the Bankruptcy Code treats the dischargeability of the obligation. The inescapable facts are that the Debtors timely filed their 2000 income tax return and timely paid their corresponding income tax obligation. IRS returned money to them, then asked for it back. Why? Because it had made *an erroneous refund.* The fact that IRS calls it something else because it utilized another means of establishing the liability does not re-characterize it, for purposes of § 507(c), as something other than an erroneous refund.

The legislative intent behind the change made in 1984 to the language of Section 507(c) is easy to ascertain. Congress obviously concluded—correctly—that it is inequitable to treat taxpayers who fail or decline to pay their income taxes the same as taxpayers who pay their income taxes but who incur obligations to a governmental unit as a result of that governmental unit erroneously refunding taxes paid.

Bankruptcy courts are courts of equity. Exceptions to dischargeability should be construed narrowly so as to further the Bankruptcy Code's "fresh start" policy. *In re Scarlata,* 979 F.2d 521, 524 (7th Cir.1992); *In re Miller,* 39 F.3d 301, 304 (11th Cir.1994). The equities in this case favor the conclusion made manifest by the plain language of Section 507(c). For these reasons, the Court finds that the Debtors' Objection to Claim # 1 of IRS should be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that Debtors' Objection to Claim # 1 of the Internal Revenue Service be and is hereby sustained.

IT IS FURTHER ORDERED that Claim # 1 of the Internal Revenue Service (i) be and is hereby allowed in the amount of $655.31 as an unsecured priority claim, (ii) be and is hereby allowed in the amount of $343.17 as a general unsecured claim, and (iii) be and is hereby denied as to the remainder.