CORRECTED OPINION
 

 HENLEY, Senior Circuit Judge:
 

 Harry Gurwitch filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-1174, in January, 1980. He was a major shareholder and perhaps only shareholder in EMC Film Corporation (EMC) and American Contemporary Art Corporation (ACA), both of which ceased operations in August, 1979. In his schedule of liabilities he listed a withholding tax claim of $12,435.93 as to EMC, and in his disclosure statement he acknowledged that the IRS was seeking to collect a like claim of $21,000.00 with respect to ACA, which he was disputing. The IRS filed a proof of claim for a combination of income and withholding tax liabilities totalling $7,756.41. The plan, which was confirmed in August, 1981, allowed for payment of 100% of the IRS claim.
 

 Before the case was closed the IRS began collection efforts for the withholding taxes of EMC and ACA. Gurwitch advised the IRS of the bankruptcy proceedings and of his continuing dispute as to liability. After closure the IRS placed a lien on his real estate holdings for payment of these tax claims.
 

 Gurwitch then had the case reopened. The bankruptcy court
 
 [1]
 
 held that the amount of the claim had been determined at confirmation and was binding on the parties. The district court
 
 [2]
 
 reversed, stating that the tax debt was nondischargeable.
 
 In re Gurwitch,
 
 54 B.R. 927 (Bankr.S.D.Fla.1985).
 

 Gurwitch appeals arguing that on the basis of res judicata, policy considerations, and equitable estoppel the amount of the tax claim should be fixed by the confirmation of the plan. We affirm.
 

 Appellant first argues that the bankruptcy proceedings were a final determination of his tax liabilities, and therefore res judi-cata prevents the IRS from making a claim after closure of his case. He also contends that allowing this claim inhibits reorganization, defeats the rehabilitative purpose of the Code, and discourages the IRS from participating in reorganization proceedings.
 

 Appellant’s res judicata argument is not persuasive. The Bankruptcy Code makes clear under 11 U.S.C. § 1141(d)(2) that the confirmation of a plan of reorganization does not fix tax liabilities made non-dischargeable under 11 U.S.C. § 523.
 
 [3]
 
 Moreover, the Code states that these taxes are nondischargeable “whether or not a claim for such tax was filed or allowed.” Section 523(a)(1)(A).
 

 As to Gurwitch’s policy arguments, it is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making
 
 *586
 
 it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code.
 
 See In re Becker’s Motor Transportation, Inc.,
 
 632 F.2d 242, 248 (3d Cir.1980), ce
 
 rt. denied,
 
 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). We cannot override what we view as a clear policy judgment by Congress.
 
 United States v. Sotelo,
 
 436 U.S. 268, 279, 98 S.Ct. 1795, 1802, 56 L.Ed.2d 275 (1978). Therefore, we conclude that these tax claims are not barred by reasons of res judicata or matters of policy.
 

 Gurwitch also argues that the bankruptcy court’s decision is supportable on the basis of equitable estoppel in that he justifiably relied to his detriment on the government’s representations and actions.
 

 This argument falls short, for “[ijnasmuch as [these taxes] are nondis-chargeable, ... a reasonable debtor should expect that the IRS will seek to enforce such claims.”
 
 Becker’s Motor Transportation,
 
 632 F.2d at 249. While IRS well could have been more diligent in pursuing its collection efforts, we cannot find legally justifiable Gurwitch’s reliance on the IRS proof of claim as signifying the total amount owed the government.
 

 Accordingly, we AFFIRM the judgment of the district court.
 

 [1]
 

 . The Honorable Thomas C. Britton, United States Bankruptcy Judge, Southern District of Florida.
 

 [2]
 

 . The Honorable Alcee L. Hastings, United States District Judge, Southern District of Florida.
 

 [3]
 

 . The tax claim in issue here is for nondis-chargeable taxes.
 
 See United States v. Sotelo,
 
 436 U.S. 268, 282, 98 S.Ct. 1795, 1803-1804, 56 L.Ed.2d 275 (1978).