**In re Franklin STACY, Vicky Stacy, Debtors.**

**Franklin Stacy, Vicky Stacy, Plaintiffs,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 7–86–01391–11.
Adversary No. 7–96–00250.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

April 20, 2000.

**684**

Charles H. Keen, U.S. Department of Justice, Tax Division, Civil Trial Section, Washington, D.C.

Robert T. Copeland, Abingdon, VA, for Debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court arises as a result of the claim of the United States of America (herein the IRS) that it is entitled to recover "gap interest" from Franklin Stacy and Vicky Stacy (herein the Debtors).[1] The IRS filed a motion for summary judgment on February 14, 2000, re-

1. For purposes of this proceeding, the parties have defined "gap interest" to be interest accruing on an unsecured priority claim from

questing that the court allow its claim for "gap interest" against the Debtors as a matter of law. The Debtors resist this motion by arguing that the IRS is bound by the terms of the confirmed Chapter 11 plan, which made no mention of post-petition, pre-confirmation or "gap interest." For the reasons stated in this decision and order, the motion for summary judgment will be granted.

### Facts:

The parties have stipulated all material facts. The Debtors filed a Chapter 11 bankruptcy petition on September 10, 1986. The IRS filed a proof of claim in August of 1989, and amended the claim in February of 1994. The proof of claim included a priority unsecured claim for income taxes due in the year 1985, pre-petition interest, and a general unsecured claim. In September of 1993, the Debtors' Chapter 11 plan was confirmed without objection by the IRS. The Debtors successfully completed the plan. The plan included full payment of the claims of the IRS, but made no provision for "gap interest." The IRS now seeks a ruling that it can collect "gap interest" from the Debtors personally.

### Law and Discussion:

**A. The IRS may collect gap interest from the Debtors personally.**

The IRS seeks gap interest on its unsecured claim for income taxes due in the year 1985. Under section 507(a)(8) of the Bankruptcy Code, taxes that come due after three years before the date of filing of the bankruptcy petition are entitled to priority. 11 U.S.C. § 507(a)(8). In the present case, the claim of the IRS for taxes due in the year 1985 became due April 15, 1986. Thus, the claim is entitled to priority under section 507(a)(8). Tax claims entitled to priority under section 507(a)(8) are nondischargeable under sec-

the date of filing of Debtors' Chapter 11 proceeding to confirmation of the plan.

tion 523(a)(1)(A) of the Bankruptcy Code. 11 U.S.C. § 523(a)(1)(A). Thus, the tax claim for the year 1985 is an unsecured priority claim that is nondischargeable.

■ Section 502(b)(2) of the Bankruptcy Code provides that unmatured interest cannot be allowed as a claim against the bankruptcy estate. Therefore, post-petition interest cannot be included in a Chapter 11 plan. However, *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), decided under the Bankruptcy Act, stands for the principle that post-petition, pre-confirmation interest on a nondischargeable claim survives, bankruptcy as a claim against the debtor personally. The *Bruning* court explained that in declaring debts nondischargeable, Congress expressed a policy choice in favor of holding debtors unconditionally responsible for certain types of debts. The Court noted that interest on a debt is given the same treatment as the underlying debt, and therefore, the interest on those debts should not be dischargeable. *Bruning* at 360, 84 S.Ct. 906.

■ Cases decided under the Bankruptcy Code have extended *Bruning's* reasoning to the Code, explaining that the Code reflects Congress's policy choice to designate some debts nondischargeable, including post-petition interest on such debts. *In re Johnson,* 146 F.3d 252, 260 (5th Cir.1998); *In re Fullmer,* 962 F.2d 1463 (10th Cir.1992); *In re Quick,* 152 B.R. 902, 906–908 (Bankr.W.D.Va.1992).[2] Thus, while section 502(b)(2) of the Bankruptcy Code explicitly prohibits recovery of unmatured interest from the estate, it does not preclude recovery from the individual liable for the nondischargeable debt. 11 U.S.C. § 502(b)(2). Further, where the underlying claim is nondischargeable, the interest that accrues on that claim is nondischargeable also. *Bruning* at 360, 84 S.Ct. 906.

**B.** ***The confirmed Chapter 11 plan does not bind the IRS so as to prohibit it from collecting "gap interest."***

■ The Debtors cite *U.S. v. Victor,* 121 F.3d 1383 (10th Cir.1997), for the proposition that the Chapter 11 plan binds the IRS so as to prohibit them from collecting post-petition, pre-confirmation interest. However, *Victor* is distinguishable and inapplicable to the case at bar because it addresses secured debt. In the case of secured creditors, payment of post-petition interest out of the estate is permitted where the value of the collateral exceeds the value of the claim. *Victor* at 1387 (citing *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The Tenth Circuit makes clear that collateral acts as security for a debt and the interest on that debt. Therefore, payment of post-petition interest out of the estate is permitted only to the extent that the value of the collateral exceeds the debt. *Id.*

In *Victor,* the IRS made the argument that it could not have objected to confirmation of the plan for not including "gap interest" because unmatured interest cannot be included in a plan pursuant to section 502(b)(2). On the strength of this argument, the IRS took the position that the binding nature of a confirmed plan on all creditors (11 U.S.C. § 1141) was not a bar to its right to collect "gap interest" on the nondischargeable debt. *Id.* The Tenth Circuit recognized the legitimacy of the argument, but rejected it because since the IRS's claim was secured, the plan could have provided for "gap interest" and the IRS could have objected to confirmation of the plan for its failure to include such interest. Under this set of facts, since the IRS did not object and had the opportunity to do so, the Tenth Circuit found that the IRS was bound by the terms of the

**2.** The issue in this case and the decided case law were both fully discussed and analyzed by the court in *Quick.*

686

plan and could not raise its claim for "gap interest" later. *Id.*

In the case at bar, nothing in the Debtors' plan provided for post-petition, pre-confirmation interest. In fact, the plan could not provide for "gap interest" on the IRS's priority claim because the debt was unsecured. Since the plan could not include "gap interest", the IRS could not be expected to object to the plan's failure to include such interest. Also, the IRS is certainly bound by the terms of the plan, but the plan only regulates distribution of the estate. The IRS's claim for "gap interest" survives bankruptcy and can be asserted against the Debtors personally irrespective of the terms of the plan. Thus, Debtors' argument on the binding nature of the plan fails. The IRS is free to pursue its claim against the Debtors personally for "gap interest."

### Conclusion:

It is well established that post-petition interest which accrues on a nondischargeable unsecured claim is nondischargeable. Since "gap interest" could not have been included in the reorganization plan in this case, the IRS is not bound by the terms of the confirmed plan. Due to the nondischargeable nature of the tax claim, the interest which accrues thereon post-petition is also non dischargeable and IRS may collect "gap interest" from the Debtors personally post-confirmation. Accordingly, it is

### ORDERED:

That the motion for summary judgment in favor of the United States of America is **GRANTED**.