**In re Walter F. GILL, Debtor.**

**No. 8:95–BK–2672–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 3, 2006.

Buddy D. Ford, Tampa, FL, for Debtor.

**ORDER ON (1) DEBTOR'S VERIFIED MOTION FOR SUMMARY JUDGMENT AND (2) MOTION BY UNITED STATES FOR SUMMARY JUDGMENT**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider (1) the Debtor's Verified Motion for Summary Judgment, and (2) the Motion by United States for Summary Judgment.

Both of the Motions relate to a Motion for Order to Show Cause filed by the Debtor, Walter F. Gill.

In the Motion for Order to Show Cause, the Debtor contends that the United States of America, Internal Revenue Service (IRS) violated the permanent injunction contained in § 524(a)(2) and § 524(a)(3) of the Bankruptcy Code by issuing a Notice of Levy dated January 21, 2005, in an effort to collect prepetition taxes that were either discharged or paid in the Debtor's Chapter 11 case.

In 1996, the Debtor's Chapter 11 Plan of Reorganization was confirmed, and payment of allowed claims of the IRS was provided for in the Plan. Following completion of the Plan by the Debtor, the IRS took action to collect additional amounts with respect to years for which allowed claims had been paid pursuant to the Plan.

The Debtor asserts that the IRS violated the discharge injunction when it sought to collect the additional amounts.

Because the tax liabilities that the IRS seeks to collect were not dischargeable, however, the IRS has not violated the discharge injunction.

Although "[a] confirmed plan generally binds any creditor regardless of whether the creditor's claim is impaired by the plan or whether the creditor accepted the plan," (citation omitted) the same is not true of a creditor whose claim is nondischargeable.

"The party to whom [a nondischargeable] debt is owed is entitled after confirmation to enforce his or her rights as they would exist outside of bankruptcy." (Citations omitted). Therefore, "the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523." *United States v. Gurwitch (In re Gurwitch),* 794 F.2d 584, 585 (11th Cir.1986); . . . .

*In re DePaolo,* 45 F.3d 373, 375 (10th Cir.1995).

## Background

The Debtor filed a petition under Chapter 11 of the Bankruptcy Code on March 22, 1995. The case was assigned to the Honorable Thomas E. Baynes, Jr.

On June 19, 1995, the IRS filed a Proof of Claim (Claim Number 2) in the Chapter 11 case in the amount of $229,028.85.

On August 31, 1995, the Debtor filed a Complaint against the IRS to Determine Dischargeability of Debt. (Adv.Pro.95–578). In the Complaint, the Debtor alleged that he owed the IRS approximately $31,560.58, plus interest and penalties, for the 1985, 1986, and 1989 tax years, and that the indebtedness was a dischargeable obligation pursuant to § 727 of the Bankruptcy Code.

On May 10, 1996, the Court entered a Final Judgment in the dischargeability action. Generally, the Court determined that the Debtor's assessed federal income tax liabilities for 1985, 1986, and 1989 did not fall within any exception to discharge set forth in § 523 of the Bankruptcy Code, and therefore were dischargeable obligations in the Debtor's bankruptcy case. The Court also determined, however, that any prepetition tax liens with respect to the dischargeable liabilities would remain in full force and effect as to any property owned by the Debtor as of the filing of the bankruptcy petition. (Adv.Pro.95–578, Doc. 16).

On April 8, 1996, the IRS filed an Amended Proof of Claim (Claim Number 4) in the Debtor's Chapter 11 case. The Amended Claim includes (1) an unsecured component in the amount of $30,331.56, based on income taxes assessed for the 1991, 1992, and 1993 tax years; (2) a secured component in the amount of $95,602.20, based on income taxes assessed for the 1985, 1986, 1989, and 1990 tax years; and (3) a priority component in the amount of $103,095.09, based on income taxes assessed for the 1991, 1992, and 1993 tax years. The total claim was $229,028.85.

On May 8, 1996, the Debtor filed a Second Amended Plan of Reorganization. (Doc. 47). With respect to the priority claim of the IRS in the amount of $103,095.09, the Plan provided that the debt would be paid in monthly installments of $2,000.00 each, commencing thirty days from the effective date of the Plan. The Plan further provided that the Debtor would pay interest on the priority portion of the claim at the rate of nine percent (9%) per annum. (Doc. 47, p. 2).

With respect to the secured claim of the IRS in the amount of $95,602.20, the Plan anticipated that the tax liabilities for 1985, 1986, and 1989 (totaling $49,950.10) would be dischargeable, that the value of the assets securing the claim (estimated at $5,350.00) would be substantially less than the nondischargeable balance ($45,652.10) of the secured claim, and that the resulting unsecured balance ($40,302.10) of the secured claim would be added to the general unsecured claim of the IRS. (Doc. 47, p. 2, 3).

With respect to the general unsecured claim of the IRS, the Plan provided that the claim would be paid, without interest, in 120 equal monthly installments. (Doc. 47, p. 3).

On the same date that the Debtor filed his Second Amended Plan, he also filed a Motion to Value Collateral of the IRS, requesting that the assets be valued at $5,350.00, consistent with the value estimated in the Plan. (Doc. 48). In that motion the Debtor also indicated that the tax liabilities for 1985, 1986, and 1989 would be dischargeable, that the 1990 portion of the secured claim which remained nondischargeable was $45,652.10, that the estimated value of the assets was $5,350.00, and that the unsecured portion of the claim would be $40,302.10 which would be a general unsecured claim. (Doc. 48). A hearing was conducted on the Motion on August 14, 1996, and the Court determined at the hearing that the IRS was entitled to a secured claim in the amount of $7,350.00.

On September 4, 1996, the Court entered an Order Confirming Debtor's Second Amended Plan of Reorganization. (Doc. 61). With respect to the IRS's secured claim, the Order Confirming Plan provided:

> [T]he Internal Revenue Service's secured claim is $7,350.00 which claim shall be paid in full at nine percent (9%) interest per annum in forty eight (48) equal monthly installments of $185.00 per month, with the first installment commencing on the effective date of the Plan.

(Doc. 61, p. 2). Otherwise, the Order essentially confirmed the Debtor's Second Amended Plan as proposed, including the treatment provided for the priority and unsecured portion of the IRS's claim.

On September 17, 1996, the Court entered an Order Granting Verified Motion to Value Collateral to Determine Secured Status of the Internal Revenue Service, which memorialized its ruling at the August 14 hearing. (Doc. 63). The Order provided that the IRS "shall be allowed a secured claim in the amount of $7,350.00." The Order did not specify the treatment to be afforded to the balance of the secured component of the IRS's claim. (Doc. 63).

On September 17, 1996, the Court also entered three additional Orders regarding the IRS's Proof of Claim:

1. An Order Allowing Secured Claims as Filed. (Doc. 66). The Order provided that the secured component of the IRS's Claim Number 4 was allowed in the amount of $7,350.00.

2. An Order Allowing Priority Claims. (Doc. 64). The Order provided that the priority component of the IRS's Claim Number 4 was allowed as filed in the amount of $103,095.09.

3. An Order Allowing Unsecured Claims as Filed. (Doc. 65). The Order provided that the unsecured component of the IRS's Claim Number 4 was allowed as filed in the amount of $30,331.56.

On September 18, 1996, the Debtor filed a Final Report and Accounting (Doc. 68), and on November 22, 1996, a Final Decree

was entered closing the Chapter 11 case (Doc. 71).

The case was reopened on June 15, 2001, almost five years after the Final Decree was entered. (Doc. 74),

On July 6, 2001, the Debtor filed a Complaint for Declaratory Relief against the IRS. (Adv.Pro.01–438). In the Complaint, the Debtor stated that the "relief sought is for the Court to determine the amount of tax liability due to the Internal Revenue Service from the Second Amended Plan of Reorganization as confirmed, if any, and to enforce the permanent discharge injunction for all discharged and paid claims." (Adv.Pro.01–438, Doc. 1, p. 5).

A Final Judgment was entered in the declaratory action on March 18, 2002. The Final Judgment provided that the Debtor's "1985, 1986, and 1989 assessed federal income tax liabilities were discharged pursuant to Order Confirming Debtor's Second Amended Plan of Reorganization entered September 4, 1996," and also that "[a]ny payments made by Debtor/Plaintiff to Defendant pursuant to the Plan of Reorganization as Amended, that were applied to these tax years must be properly applied to the Internal Revenue Service's allowed claims as set forth in the Plan." (Adv. Pro.01–438, Doc. 26).

Almost three years later, in January of 2005, the IRS issued a Notice of Levy in which it attempted to levy on the Debtor's account at Alpena Alcona Area Credit Union. (Exhibit "S" to Doc. 81). The Notice states that the liabilities at issue are the Debtor's income tax liabilities for 1990, 1991, 1992, and 1993, and that the total amount due, including interest and late penalties through February 20, 2005, was $146,759.43.

In February, 2005, the case was reopened at the request of the Debtor, and was reassigned to the undersigned Bank-ruptcy Judge in view of the retirement of Judge Baynes.

On February 25, 2005, the Debtor filed an Emergency Motion for Order to Show Cause against the IRS. (Doc. 81). Generally, the Debtor asserts that the "collection efforts of the Internal Revenue Service for claims that have been determined by the Court and paid in accordance with the Plan of Reorganization are a violation of 11 U.S.C. Section 524." (Doc. 81, p. 5). Consequently, the Debtor seeks compensatory damages in the amount of $1,000.00 as of the date of the Motion, and punitive damages "of not less than $5,000.00" for the willful violation.

In response, the IRS asserts that the Debtor is not entitled to an award of damages, because the IRS had only attempted "to collect tax debts *that were not discharged* in the bankruptcy case," so that no violation of § 524 occurred. (Doc. 96, p. 1)(Emphasis in original).

Both parties have filed Motions for Summary Judgment asserting that there are no genuine issues of material fact and that they are entitled to a judgment as a matter of law.

### Discussion

The issue in this case is whether the IRS violated the discharge injunction by issuing a Notice of Levy in which it seeks to collect tax liabilities arising from the 1990, 1991, 1992, and 1993 tax years.

It appears that the taxes that the IRS seeks to collect were not discharged or satisfied in the Debtor's Chapter 11 case. Consequently, the Court determines that the IRS did not violate the discharge injunction by issuing the Notice of Levy.

### A. The 1990 tax liabilities

In the Notice of Levy dated January 21, 2005, the IRS seeks to collect income taxes assessed for the 1990 tax year in the

amount of $20,217.44, plus statutory additions in the amount of $31,491.45, for a total 1990 tax liability of $51,708.89.

As set forth above, the IRS's Claim Number 4 included three components. The only claim for 1990 taxes appeared in the secured component of the claim. Neither the priority nor the unsecured component of the Claim included taxes based on the 1990 tax year.

Specifically, the secured portion of the Claim was based on income taxes assessed for the 1985, 1986, 1989, and 1990 tax years. The total amount of the secured portion of the claim was $95,602.20. The amount of the secured claim allocated to 1990 income taxes totaled $45,652.10, including the tax due of $23,247.77, prepetition penalties of $11,396.49, and prepetition interest of $11,007.84.

On September 17, 1996, the Court entered an Order providing that the IRS "shall be allowed a secured claim in the amount of $7,350.00." The Order did not specify any treatment to be afforded to the "undersecured" portion of the Claim ($88,-252.20). To the extent that the "undersecured" portion of the claim represents tax liabilities for 1985, 1986, and 1989, a total of $49,950.10, it is undisputed that the unsecured obligations for those years were discharged pursuant to the Final Judgment entered in Adversary Proceeding 95–578. The nondischargeable portion of the claim for 1990 tax liabilities totaled $45,652.10.

It appears that a large part of the current dispute relates to this "undersecured" portion of the tax claim for the 1990 tax year. This "undersecured" portion of the 1990 tax liability was not disallowed in any order, and was not determined to be dischargeable in any adversary proceeding.

The Debtor contends that he has made all payments required under his confirmed Plan, and that his prepetition tax obligations have therefore been satisfied. He contends that the IRS did not seek relief from the Orders allowing its claims, and that the IRS is therefore bound by the amounts set forth in those Orders.

The IRS contends, on the other hand, that the "undersecured" portion of the 1990 tax liability was neither discharged nor paid in the Debtor's bankruptcy case, and that the IRS is therefore entitled to collect the unpaid obligation.

■ The Court finds that there are no genuine issues of material fact regarding the 1990 tax liability, and that the IRS is entitled to an Order determining that it did not violate the discharge injunction by attempting to collect the unpaid 1990 taxes.

The "undersecured" portion of the 1990 tax claim was not discharged in the Debtor's bankruptcy case.

The liability was included in the IRS's original Proof of Claim (Claim Number 2) and in its Amended Proof of Claim (Claim Number 4).

A determination that the 1990 tax liability was dischargeable was not requested in the dischargeability action regarding the 1985, 1986, and 1989 taxes. (Adv.Pro.95–578). In fact, the Debtor acknowledged that the 1990 tax liability was not a dischargeable obligation: "The 1990 portion of the secured claim which remains nondischargeable is $45,652.10." (Verified Motion to Value Collateral to Determine Secured Status of the Internal Revenue Service, Doc. 48, ¶ 3). After estimating the value of the assets subject to the secured claim of the IRS at $5,350.00 (*Id.* ¶ 4), the Debtor also estimated the amount of the unsecured portion of the claim for 1990 taxes: "The unsecured portion for the 1990 taxes is $40,302.10 which will be a general unsecured claim." (*Id.,* ¶ 7).

"And there were some years that we could not discharge." (See Adv. Pro. 01–438, Doc. 24, Transcript of January 28, 2002, hearing, pp. 18–21).

Moreover, the provisions of the Debtor's Plan indicated that the "undersecured" portion of the 1990 tax claim would not be discharged. The Plan stated that the 1985, 1986, and 1989 portions of the secured claim were determined to be discharged by stipulation, and that the value of the assets securing the balance of the secured claim was expected to be $5,350.00. (Doc. 47, p. 2). The Plan then provided that the general unsecured claims were estimated to be $75,000.00, including "the general unsecured claim of the Internal Revenue Service of $70,633.00." (Doc. 47, p. 3). It appears that the Debtor arrived at the amount of $70,633.00 by taking the 1990 secured claim of the IRS ($45,652.10), reducing it by the estimated value of the assets ($5,350.00) to arrive at the unsecured portion of the secured claim ($40,302.10), and then adding that amount to the unsecured claim of the IRS as filed ($30,331.56). The result of these computations ($45,652.10—$5,350.00 + $30,331.56) is $70,633.66. Accordingly, the Plan anticipated that the general unsecured nondischargeable amount due to the IRS would be $70,633.00.

Section 1141(d) of the Bankruptcy Code provides in part:

**11 USC § 1141.   Effect of confirmation**

.        .        .        .        .

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title;  or

(iii) the holder of such claim has accepted the plan;

.        .        .        .        .

(2) *The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.*

11 U.S.C. § 1141(d)(Emphasis supplied).

Section 523 of the Bankruptcy Code provides in part:

**11 USC § 523.   Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed;  or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition.

11 U.S.C. § 523(a)(1).

In this case, the 1990 taxes were assessed on June 27, 1994. (IRS Claim Number 4). The assessment was made on the basis of a delinquent tax return that was deemed filed on that date. (Doc. 96, p. 2; Exhibit 2 to Declaration of Patricia Hulsey). The Debtor's Chapter 11 petition was filed on March 22, 1995.

It appears that the 1990 taxes were not dischargeable under § 523(a)(1), were not determined to be dischargeable in any adversary proceeding, and therefore were not discharged by the Order of Confirmation because of the "exception to discharge" contained in § 1141(d)(2) of the Bankruptcy Code. Accordingly, the IRS is permitted to collect the tax liability after confirmation of the Debtor's Plan.

▆▆▆▆ As the Tenth Circuit Court of Appeals stated in *In re DePaolo*, 45 F.3d 373 (10th Cir.1995):

Although "[a] confirmed plan generally binds any creditor regardless of whether the creditor's claim is impaired by the plan or whether the creditor accepted the plan," (citation omitted) the same is not true of a creditor whose claim is nondischargeable.

"*The party to whom [a nondischargeable] debt is owed is entitled after confirmation to enforce his or her rights as they would exist outside of bankruptcy.*" *(Citations omitted). Therefore, "the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523." United States v. Gurwitch (In re Gurwitch),* 794 F.2d 584, 585 (11th Cir.1986); . . . .

*In re DePaolo*, 45 F.3d at 375(Emphasis supplied). The Tenth Circuit explained further, and again quoted the Eleventh Circuit Court of Appeals:

As we stated in *Grynberg*,

[a]lthough allowing the IRS to pursue its claim after the confirmation and consummation of a Chapter 11 plan admittedly conflicts with the "fresh start" policy animating the Code's discharge provisions, "it is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment

of taxes under the Bankruptcy Code." This is an express congressional policy judgment that we are bound to follow.

*In re DePaolo*, 45 F.3d at 376 (quoting *Grynberg v. United States (In re Grynberg)*, 986 F.2d 367, 371 (10th Cir.), cert. denied, 510 U.S. 812, 114 S.Ct. 57, 126 L.Ed.2d 27(1993), quoting *United States v. Gurwitch (In re Gurwitch)*, 794 F.2d 584, 585–86 (11th Cir.1986)).

The Tenth Circuit concluded in *DePaolo*, therefore, that the order of confirmation did not prohibit the IRS from assessing or collecting nondischargeable taxes that were not provided for in the debtor's plan. *Id.* at 376.

The United States District Court reached the same conclusion in *In re Sage*, 2002 WL 221099 (D.N.J.). In *Sage*, the Court found that:

[B]ecause the IRS seeks debtor's tax liability for the year 1995, which is a non-dischargeable claim, the principles of res judicata do not apply to bar the IRS's claim. In keeping with the congressional policy expressed in 11 U.S.C. § 1141 and § 523, the IRS should be allowed to recover debtor's 1995 tax liability even after confirmation of debtor's chapter 11 plan has taken place.

*In re Sage*, 2002 WL 221099, at *6. Consequently, the District Court affirmed the Bankruptcy Court's conclusion that the IRS can collect nondischargeable taxes owed by the debtor, despite the confirmation of the debtor's plan, and despite the fact that the order fixing all prepetition claims in that case did not include the taxes at issue. *Id.* at *1.

In this case, the IRS should be permitted to collect the unpaid portion of the nondischargeable taxes owed by the Debtor for the 1990 tax year.

The Motion for Summary Judgment filed by the IRS should be granted, and the Motion for Summary Judgment filed by the Debtor should be denied, with respect to the Debtor's unpaid tax liabilities for 1990.

### B. The 1991, 1992, and 1993 tax liabilities

In the Notice of Levy issued on January 21, 2005, the IRS also seeks to collect tax liabilities arising from the 1991, 1992, and 1993 tax years.

The Debtor acknowledges that the tax liabilities for 1991, 1992, and 1993 are not dischargeable obligations under § 727 and § 523 of the Bankruptcy Code. (Transcript, p. 5). The claims were allowed pursuant to the Orders entered on September 17, 1996, and the Debtor's confirmed Plan provided for payment of the allowed claims.

Pursuant to the Order Allowing Priority Claims, for example, the IRS's priority claim was allowed as filed in the amount of $103,095.09. The priority claim included tax liabilities for 1991, 1992, and 1993.

The Debtor's Chapter 11 Plan, as confirmed, provided that the priority claim would be paid at the rate of $2,000.00 per month, commencing thirty days from the effective date of the plan.

Additionally, pursuant to the Order Allowing Unsecured Claims as Filed entered on September 17, 1996, the IRS's general unsecured claim was allowed as filed in the amount of $30,331.56. The allowed unsecured claim also included liabilities for 1991, 1992, and 1993.

The Debtor's Chapter 11 Plan, as confirmed, provided for payment of the allowed unsecured claim, without interest, commencing thirty days from the date of confirmation and continuing for a period of 120 months.

The Debtor asserts that he has made all of the payments required under the Plan, and that his tax obligations for 1991, 1992, and 1993 are therefore satisfied.

The IRS acknowledges its receipt of the payments made under the Plan. The IRS contends, however, that an unpaid balance remains for each of the tax years in question, even after accounting for certain payments that previously were misapplied. (Declaration of Patricia Hulsey, Paragraphs 4,5).

The primary dispute regarding the Debtor's 1991, 1992, and 1993 taxes appears to center on the accrual of postpetition interest with respect to the underlying assessment. (Doc. 96, p. 8; Transcript, pp. 16–17).

As set forth above, the Debtor's Plan did not provide for the payment of postpetition interest on the unsecured claim. It appears, however, that such interest is properly claimed by the IRS with respect to the nondischargeable taxes, and that the IRS may collect the interest even after completion of the Debtor's Plan.

In *In re Tuttle*, 291 F.3d 1238 (10th Cir.2002), for example, the issue was "whether the IRS may also collect postpetition, pre-confirmation interest (i.e. gap interest) on the IRS's priority tax claims." *In re Tuttle*, 291 F.3d at 1241. In addressing the issue, the Tenth Circuit Court of Appeals relied primarily on the decision of *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), in which the Supreme Court of the United States held that a debtor remained personally liable for post-petition interest that had accrued on a nondischargeable tax debt, even following his discharge. *Id.* at 1241.

Ultimately, the Tenth Circuit affirmed the Bankruptcy Appellate Panel's holding that "even after confirmation and success-

ful completion of her Chapter 11 plan, [the debtor] remains personally liable for 'gap interest,' i.e. interest that accrued between the date her petition was filed and the date her plan was confirmed, on a nondischargeable tax debt to the Internal Revenue Service." *Id.* at 1240.

The Court had reached the same conclusion under similar circumstances in *In re Stacy,* 249 B.R. 683 (Bankr.W.D.Va.2000). In *Stacy,* the debtors' plan provided for payment of their priority tax claims in full, but did not provide for "gap interest" on the claims. The debtors completed all payments under the confirmed plan, and the IRS subsequently attempted to collect the interest from the debtors personally. *In re Stacy,* 249 B.R. at 684.

The Court found that the postpetition interest that accrues on a nondischargeable unsecured claim is also nondischargeable. *Id.* at 686. The Court further found that the "gap interest" survived the debtors' bankruptcy, and could be asserted against the debtors personally regardless of the terms of the plan. *"Due to the nondischargeable nature of the tax claim, the interest which accrues thereon postpetition is also non dischargeable and IRS may collect 'gap interest' from the Debtors personally post-confirmation." Id.* (Emphasis supplied).

In this case, the IRS submitted the Declaration of Patricia Hulsey (Hulsey) to support its Motion for Summary Judgment. (Doc. 96). Hulsey is the Group Manager of an Insolvency Unit for the IRS. (Declaration, Paragraph 1). Transcripts of the Debtor's income tax accounts are attached to Hulsey's Declaration. According to Hulsey:

> The transcripts also show balances due for the periods 1990, 1991, 1992, and 1993, including accruals. The interest rate applied to the income tax liabilities for 1990, 1991, 1992, and 1993, is the variable underpayment rate set forth in the Internal Revenue Code, running from the due date of the relevant return. Composite Exhibit 3 to this Declaration is a series of interest computations that show exactly what interest factors have been applied and also show the balances due on the debtor's federal income tax liabilities for 1990, 1991, 1992, and 1993, including accruals computed to October 31, 2005.

Declaration of Patricia Hulsey, Paragraph 5.

The Notice of Levy dated January 21, 2005, reflects an "unpaid balance of assessment" for 1991 of $12.00, and "statutory additions" for 1991 of $27,700.00; an "unpaid assessment" for 1992 of $4,142.95, and "statutory additions" for 1992 of $8,015.24; and an "unpaid balance" for 1993 of $14,232.97, and "statutory additions" for 1993 of $40,947.30. (Exhibit "S" to Doc. 81).

The Debtor's Plan did not provide for the payment of interest on the unsecured portion of the nondischargeable tax claims, and the Debtor acknowledges that he has not paid any such interest. In fact, in his Motion for Summary Judgment, the Debtor concedes that "the general unsecured claims of the Internal Revenue Service was expressly repaid without interest." (Doc. 89, p. 12).

Since postpetition interest properly accrued on the Debtor's unsecured, nondischargeable tax liabilities, since the interest was not paid under the Plan, and since the nondischargeable tax liabilities survived the bankruptcy case, the IRS should be permitted to collect the unpaid tax liabilities from the Debtor.

The Motion for Summary Judgment filed by the IRS should be granted with respect to the 1991, 1992, and 1993 taxes,

and the Motion for Summary Judgment filed by the Debtor should be denied.

## Conclusion

The issue in this case is whether the IRS violated the discharge injunction by issuing a Notice of Levy dated January 21, 2005, in an effort to collect nondischargeable, prepetition tax liabilities from the Debtor.

The Court finds that the IRS is entitled to collect the unpaid balance of the tax liabilities arising from the 1990 tax year, because the taxes were not discharged pursuant to § 1141(d) of the Bankruptcy Code.

The Court also finds that the IRS is entitled to collect the unpaid balance of the tax liabilities arising from the 1991, 1992, and 1993 tax years, because the taxes are nondischargeable obligations, and because no postpetition interest was paid on the unsecured claims under the terms of the confirmed Plan.

The IRS's Motion for Summary Judgment should be granted, and the Debtor's Motion for Summary Judgment should be denied.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Summary Judgment filed by the United States of America, Internal Revenue Service, is granted, and the Court determines that the United States did not violate the injunction contained in § 524 of the Bankruptcy Code by issuing the Notice of Levy dated January 21, 2005.

2. The Verified Motion for Summary Judgment filed by the Debtor, Walter F. Gill, is denied.