**In re Clayton Samuel NEWMAN, Debtor.**

**Clayton Samuel Newman, Plaintiff,**

**v.**

**The United States of America, Defendant.**

**Bankruptcy No. 8:98–bk–12132–PMG.**
**Adversary No. 8:08–ap–150–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 25, 2008.

B. Gray Gibbs, Law Office of B. Gray Gibbs, St. Petersburg, FL, for Plaintiff.

Stephen C. Dowdell, United States Department of Justice, Washington, DC, for Defendant.

## ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment filed by the United States of America, Internal Revenue Service (IRS).

The Debtor, Clayton Samuel Newman, commenced this proceeding by filing a Complaint for (i) Violation of 11 U.S.C. § 524(a); (ii) Contempt Pursuant to 11 U.S.C. § 105; and (iii) Declaratory Relief Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Generally, the Debtor asserts that he made all payments owed to the IRS pursuant to his confirmed Chapter 11 Plan, and that the prepetition claims of the IRS are therefore satisfied. According to the Debtor, however, the IRS has attempted to collect additional tax liabilities related to the 1993, 1994, 1995, and 1996 tax years, and has thereby violated the discharge injunction provided by § 524(a) of the Bankruptcy Code.

In response, the IRS contends that the tax liabilities at issue were nondischargeable in the Debtor's Chapter 11 case pursuant to § 523(a)(1)(A) and § 507(a)(8) of the Bankruptcy Code. Consequently, the IRS asserts that its efforts to collect the nondischargeable debts do not violate the discharge injunction contained in § 524(a).

### Background

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on July 13, 1998.

On July 10, 2000, the IRS filed its final amended Proof of Claim in the Debtor's Chapter 13 case. (Claim No. 20). The Claim consisted of a secured component in the amount of $8,519.00, an unsecured priority component in the amount of $157,913.79, and a general unsecured component in the amount of $41,416.82, for a total claim in the amount of $207,849.61.

The Claim was based on income tax liabilities arising from the 1993, 1994, 1995, and 1996 tax years. Specifically, the Claim included income tax liabilities for the 1993 tax year that had been assessed on February 9, 1998; income tax liabilities for the 1994, 1995, and 1996 tax years that were claimed "pending examination," or "pending the outcome" of the IRS's review of the Debtor's returns; and an additional income tax liability for the 1996 tax year that was assessed on August 31, 1998.

On May 1, 2001, the Debtor's Chapter 13 case was converted to a case under Chapter 11.

On May 22, 2001, the Debtor filed a Chapter 11 Plan of Reorganization. (Main Case, Doc. 85). The Plan provided that the priority portion of the IRS's Claim would be paid in full with interest at the rate of 9% per annum. The Debtor was to pay the priority Claim by making a lump sum payment at confirmation, followed by equal monthly installments to be completed within six years of the date of assessment. The Plan further provided that the secured portion of the IRS's Claim would be paid in full at confirmation, with interest at the rate of 9% per annum. Finally, the Plan provided that the Debtor would pay the IRS an amount equal to fifty percent of its unsecured claim with interest at the rate of 6% per annum. The unsecured claim was to be paid in monthly installments, after payment in full of the priority and secured claims.

On December 7, 2001, the Court entered an Order Confirming the Debtor's Chapter 11 Plan.

In 2002 and 2003, during the life of the Plan, the IRS assessed additional income tax liabilities against the Debtor for the 1994, 1995, and 1996 tax years. (Doc. 18, p. 4). For each of the three tax periods, the liabilities assessed included late filing penalties, "additional taxes assessed by examination," and interest. (Doc. 18, pp. 11, 16. and 21 of Composite Exhibit.).

The parties agree that the Debtor "made the payments required under the Chapter 11 Plan." (Doc. 11, ¶¶ 3, 6). In other words, the Debtor made the payments relating to the IRS's final amended Proof of Claim as provided in his confirmed Plan. The Debtor did not pay the additional tax liabilities that were assessed by the IRS in 2002 and 2003 for the 1994, 1995, and 1996 tax years.

On September 30, 2004, a Final Decree was entered in the Chapter 11 case, and the case was closed.

On September 12, 2006, the IRS issued a Notice of Federal Tax Lien against the Debtor. The Notice of Tax Lien related to the Debtor's income taxes for the 1993, 1994, 1995, and 1996 tax years. (Doc. I, Composite Exhibit).

On February 13, 2008, the IRS issued a Notice of Levy on the Debtor's Wages, Salary, and Other Income. (Doc. 1, Composite Exhibit). The Notice of Levy relates to income taxes claimed by the IRS for the 1993, 1994, 1995, 1996, and 2005 tax years.

Following receipt of the Notice of Levy, the Debtor reopened his Chapter 11 case and filed the Complaint that commenced this adversary proceeding.

### Discussion

The Debtor contends that his tax liabilities for the 1993, 1994, 1995, and 1996 tax

years were dealt with in his Chapter 11 Plan, and satisfied upon his completion of the Plan. Consequently, the Debtor asserts that the IRS violated the permanent injunction provided in § 524(a) of the Bankruptcy Code by issuing the Notice of Lien and Notice of Levy in an effort to collect the prepetition tax liabilities.

The IRS contends that it did not violate the permanent injunction by issuing the Notice of Lien and Notice of Levy, because the tax liabilities that it seeks to collect were not dischargeable in the Debtor's Chapter 11 case. According to the IRS, the tax liabilities are nondischargeable pursuant to § 523(a)(1) and § 507(a)(8) of the Bankruptcy Code, and therefore were not fixed by the Chapter 11 Plan.

**A. The tax claims are nondischargeable under § 523(a)(*l*)(A) and § 507(a)(8) of the Bankruptcy Code.**

Section 523(a)(1) of the Bankruptcy Code provides:

**11 USC § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(3) *or 507(a)(8)* of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. § 523(a)(1)(A)(Emphasis supplied).

Section 507(a)(8) of the Bankruptcy Code provides:

**11 USC § 507. Priorities**

(a) The following expenses and claims have priority in the following order:

. . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—

(i) *for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;*

(ii) *assessed within 240 days before the date of the filing of the petition,* exclusive of—

(I) any lime during which an offer in compromise with respect to that tax was pending or in effect during that 240–day period, plus 30 days; and

(II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240–day period, plus 90 days.

11 U.S.C. § 507(a)(8)(Emphasis supplied).

Pursuant to § 523(a)(1)(A) and § 507(a)(8), therefore, "an individual debtor's debt to a governmental unit for an income tax is excepted from discharge if it pertains to a taxable year the return due date of which is three years or less before the dale the debtor filed a bankruptcy petition," *In re Jackson,* 253 B.R. 570, 573 (M.D.Ala.2000). Additionally, pursuant to § 523(a)(1)(A) and § 507(a)(8), an individual debtor's debt for an income tax liability that was assessed within 240 days of the bankruptcy petition is also excepted from discharge. See *In re Parker,* 199 B.R. 792 (Bankr.M.D.Fla.1996).

■ The purpose of § 523(a)(1) and § 507(a)(8) is to render recent prepetition tax claims nondischargeable, but to allow the discharge of certain old or "stale" tax

claims. *In re Shin*, 306 B.R. 397, 409–10 (Bankr.D.D.C.2004)(citing *Young v. United States*, 535 U.S. 43, 47, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002)).

▮ In this case, the tax liabilities claimed by the IRS fall within the exception to dischargeability set forth in § 523(a)(1)(A) and § 507(a)(8) of the Bankruptcy Code.

The Debtor filed his original bankruptcy petition on July 13, 1998.

The Debtor's 1993 tax liabilities were initially assessed on February 9, 1998, within 240 days of the filing of the petition, (Doc. 18, p. 2 of Composite Exhibit). Accordingly, the Debtor's 1993 tax liabilities are nondischargeable under § 523(a)(1)(A) and § 507(a)(8)(A)(ii) of the Bankruptcy Code.

Further, the Debtor received an extension to file his 1994 tax return until August 15, 1995, and his 1995 and 1996 tax returns were originally due on April 15, 1996, and April 15, 1997, respectively. (Doc. 18, pp. 10, 15, 20 of Composite Exhibit). Consequently, the returns for 1994, 1995, and 1996 were last due within three years of the filing of the Debtor's bankruptcy petition, and the tax liabilities for those years are nondischargeable under § 523(a)(1) and § 507(a)(8)(A)(i) of the Bankruptcy Code.

The IRS filed its final amended Proof of Claim in the Debtor's bankruptcy case on July 10, 2000. The Proof of Claim, which was filed in the total amount of $207,849.61, was based on income tax liabilities arising from the 1993, 1994, 1995, and 1996 tax years. With respect to the 1994, 1995, and 1996 tax periods, the Claim expressly stated that the amounts were being claimed "pending the outcome of" the IRS's review of the Debtor's returns.

In 2002 and 2003, after the Debtor's Chapter 11 Plan had been confirmed, the IRS assessed additional tax liabilities against the Debtor for the 1994, 1995, and 1996 tax years. The liabilities consisted of additional taxes "assessed by examination—audit deficiency," late filing penalties, and interest. (Doc. 18, pp. 11, 16, 21 of Composite Exhibit).

The IRS issued a Notice of Lien against the Debtor on September 12, 2006, and a Notice of Levy against the Debtor on February 13, 2008. The Notices relate to income taxes for the 1993, 1994, 1995, and 1996 tax years. According to the Notice of Levy, the Debtor owes the IRS the total amount of $132,950.96 as the "unpaid balance of assessment" and "statutory additions" for the listed tax years. (Doc. 1, Composite Exhibit).

Based on the record, therefore, the Court concludes that the tax liabilities that are the subject of the Notice of Lien and Notice of Levy are nondischargeable taxes pursuant to § 523(a)(*l*)(A) and § 507(a)(8) of the Bankruptcy Code. The tax liability for 1993 was assessed within 240 days of the bankruptcy filing, and the tax returns for 1994, 1995, and 1996 were last due within three years of the date of the Debtor's bankruptcy petition. The liabilities were not "stale" when the Debtor filed his bankruptcy petition, but were instead the type of recent tax debts that are intended to be nondischargeable under § 523(a)(*l*). *In re Shin*, 306 B.R. at 409–10, Consequently, the tax liabilities associated with those taxable years are nondischargeable, "whether or not a claim for such tax was filed or allowed." 11 U.S.C. § 523(a)(1)(A).

▮ The liabilities described in the Notice of Lien and Notice of Levy represent "debt" arising from a "tax" that is "of a kind" specified in § 507(a)(8). *In re Gust*, 197 F.3d 1112, 1115–16 (11th Cir.1999). The tax liabilities are nondischargeable.

The IRS is permitted to audit, assess, and assert additional claims for nondischargeable taxes during a bankruptcy case, even if they have previously filed a claim arising from the same tax year. *In re DePaolo,* 45 F.3d 373, 376–77 (10th Cir.1995). The taxes described in the Notice of Lien and Notice of Levy were not dischargeable debts under § 523(a)(*l* ) and § 507(a)(8) of the Bankruptcy Code.

**B. The IRS's post-confirmation collection efforts did not violate the injunction contained in § 524(a) of the Bankruptcy Code.**

The Debtor does not assert that the tax liabilities described in the Notice of Lien and Notice of Levy fall outside of the exceptions to discharge set forth in § 523 of the Bankruptcy Code. Instead, the Debtor contends that his Plan provided for payment of the liabilities, and that he made all payments owed to the IRS under the Plan. Accordingly, the Debtor asserts that the liabilities have been satisfied and discharged pursuant to § 1141 of the Bankruptcy Code,

**1. An Order Confirming Plan does not discharge debts that are non dischargeable under § 523 of the Bankruptcy Code.**

■ Generally, the entry of an order confirming a Chapter 11 plan binds the debtor and all creditors of the debtor, regardless of whether the creditors' claims are impaired under the plan, and regardless of whether the creditors accepted the plan. 11 U.S.C. § 1141(a).

■ Additionally, the confirmation of a plan generally discharges the debtor from any debt that arose before the date of confirmation, regardless of whether a claim has been filed or allowed with respect to the debt. 11 U.S.C. § 1141(d)(1).

■ Section 1141(d)(2) of the Bankruptcy Code, however, creates an exception to the general rule regarding the effect of confirmation in Chapter 11 cases. Section 1141(d)(2), as in effect in 2001, provided:

**11 USC § 1141. Effect of confirmation**

. . .

(d)(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

11 U.S.C. § 1141(d)(2). Section 1141(d)(2) currently provides:

**11 USC § 1141. Effect of confirmation**

. . .

(d)(2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

11 U.S.C. § 1141(d)(2).

"The Bankruptcy Code makes clear under 11 U.S.C. § 1141(d)(2) that the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523. Moreover, the Code states that these taxes are nondischargeable 'whether or not a claim for such tax was filed or allowed.' Section 523(a)(1)(A)." *In re Gurwitch,* 794 F.2d 584, 585 (11th Cir.1986). If a debtor's prepetition tax liabilities are excepted from discharge under § 523(a)(1)(A) and § 507(a)(8), the liabilities are not discharged by confirmation of the debtor's plan. *In re Wood,* 341 B.R. 804, 811 (Bankr.S.D.Fla.2006). See also *In re Gill,* 343 B.R. 732 (Bankr.M.D.Fla.2006).

■ A confirmed plan may not "extinguish or discharge an otherwise nondischargeable debt, even where the creditor fails to participate in the confirmation pro-

cess." *In re Artisan Woodworkers*, 225 B.R. 185, 190 (9th Cir.BAP1998). Section 1141(d)(2) represents congressional policy favoring the collection of nondischargeable taxes over a debtor's fresh start following completion of his plan. *In re McConahey*, 192 B.R. 187, 191 (Bankr.S.D.Ill.1996). See also *In re Gill*, 343 B.R. at 739.

### 2. An Order Confirming Plan does not discharge otherwise nondischargeable debts, even if the debts were provided for in the Plan.

In this case, the Debtor appears to acknowledge that the confirmation of a Chapter 11 plan does not discharge debts that are nondischargeable under § 523 of the Bankruptcy Code. The Debtor contends, however, that the exception to dischargeability should not apply if the nondischargeable debts are "dealt with" in the plan. (Transcript, pp. 5, 9–10, 21).

The Debtor's contention is inconsistent with the express language of § 1141(d)(2). The decisions that have addressed § 1141(d)(2) establish that creditors holding nondischargeable claims may pursue post-confirmation collection efforts outside of bankruptcy, even if their claims were provided for in the plan.

In *In re Bartleson*, 253 B.R. 75 (9th Cir.BAP2000), for example, certain creditors had obtained a stipulated judgment of nondischargeability against the debtor, and the debtor's plan provided for payment of the total debt owed to the creditors. *In re Bartleson*, 253 B.R. at 77. Despite the payment terms set forth in the confirmed plan, the creditors initiated an action to collect the nondischargeable debt outside of the Chapter 11 case.

The Court concluded that the confirmed plan did not preclude the creditors from collecting their nondischargeable claim outside the bankruptcy case. *Id.* at 84. In reaching this conclusion, the Court determined that a confirmed plan does not have binding effect as to nondischargeable debts, in part because such nondischargeable debts are expressly "carved out" of the general provisions regarding the effect of confirmation.

Section 1141(a), for example, provides that a confirmed plan binds the debtor and the debtor's creditors, "*except* as provided in subsections (d)(2) and (d)(3)." Section 1141(c) provides that the property dealt with by the plan is free and clear of creditors' claims after confirmation, "except as provided in subsections (d)(2) and (d)(3)." Subsection (d)(2), of course, provides that the confirmation of a plan does not discharge an individual debtor from debts that are nondischargeable under § 523 of the Bankruptcy Code. *Id.* at 80. Consequently, the Court in *Bartleson* concluded that a party holding a nondischargeable debt has the right to collect the debt outside of bankruptcy, regardless of the payment provisions contained in the plan. *Id.* at 84. (See also *In re Brotby*, 303 B.R. 177 (9th Cir.BAP2003)) (The Court was unequivocal in its conclusion that a Chapter 11 plan may not affect the nondischargeability of a debt, even if the debtor proposed to pay the debt during the life of the plan.).

Further, and perhaps more significantly, in *In re McConahey*, 192 B.R. 187, 189–90 (Bankr.S.D.Ill.1996), the IRS filed a Proof of Claim, and the debtor paid the full amount of the claim as provided in her plan. The IRS subsequently asserted a tax lien to collect additional prepetition taxes, and the debtor sought a determination that her prepetition tax liabilities were satisfied by her completion of payments under a confirmed Chapter 11 plan. *In re McConahey*, 192 B.R. at 189–90.

The Court concluded that confirmation of the debtor's Chapter 11 plan did not fix

the amount of her liability for the nondischargeable prepetition taxes.

[T]hese taxes were excepted from discharge under § 523(a)($l$)(A), and they retained this status regardless of the government's filing of a proof of claim. Because the United States and the State of Illinois held nondischargeable claims that could be enforced outside of bankruptcy, confirmation of the debtor's plan in this case did not fix the amount of the debtor's tax liability to these creditors. *In re DePaolo*, 45 F.3d 373, 375–76 (10th Cir.1995); *In re Gurwitch*, 794 F.2d 584, 585 (11th Cir.1986).

... By expressly providing that the described taxes are not discharged *"whether or not* a claim for such taxes was filed or allowed," 11 U.S.C. § 523(a)(1)(A)(emphasis added), Congress has determined that the government may make a claim for taxes for a particular year in a bankruptcy proceeding, accept the judgment of the bankruptcy court, and then make additional claims for that same year even though such conduct may seem inequitable or may impair the debtor's fresh start. *DePaolo*, at 376.

*Id.* at 190–91. Consequently, the Court concluded that the IRS was permitted to collect the additional nondischargeable taxes after the Chapter 11 case was concluded, notwithstanding the debtor's payment of the IRS's claim under her confirmed plan. *Id.* at 193.

Based on these authorities, it is clear that creditors holding nondischargeable claims may pursue post-confirmation collection efforts, even if their claims were provided for in the plan. In this case, the IRS's tax claims are "of the kind and for the periods" that are nondischargeable under the Bankruptcy Code. Consequently, the Court finds that the confirmed Plan did not "fix" the Debtor's tax liabilities, and the IRS was permitted to proceed with its efforts to collect the nondischargeable debts post-confirmation.

## Conclusion

The issue in this case is whether the IRS violated the discharge injunction contained in § 524(a) of the Bankruptcy Code by issuing a post-confirmation Notice of Lien and Notice of Levy in an effort to collect prepetition tax liabilities.

The tax liabilities set forth in the Notice of Lien and Notice of Levy are nondischargeable debts pursuant to § 523(a)($l$)(A) and § 507(a)(8) of the Bankruptcy Code. Pursuant to § 1141(d)(2) of the Bankruptcy Code, therefore, the debts were not discharged upon confirmation of the Debtor's Plan, and the IRS is permitted to proceed with its post-confirmation collection efforts outside of the bankruptcy case. The Order confirming the Debtor's Plan had no binding effect with respect to the nondischargeable debts asserted by the IRS, even though the Plan may have "dealt with" or provided for payment of the IRS's Proof of Claim.

Accordingly, the IRS did not violate the discharge injunction contained in § 524(a) by issuing the post-confirmation Notice of Lien and Notice of Levy.

In view of the Court's determination that the IRS did not violate the discharge injunction, it is not necessary to consider whether the Debtor exhausted his administrative remedies before filing the Complaint that commenced this adversary proceeding.

Finally, this Order does not establish the amount of any tax liabilities that remain due and owing to the IRS. The Court determines only that tax liabilities claimed by the IRS for the 1993, 1994, 1995, and 1996 tax years are nondischargeable debts under § 523(a)(1)(A) and § 507(a)(8) of the Bankruptcy Code. The Order is without

prejudice to any right that the Debtor may have under the Internal Revenue Code to seek an accounting of the amount of the tax liabilities claimed by the IRS.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Summary Judgment filed by the United States of America is granted as set forth in this Order.

2. The United States of America did not violate the injunction contained in § 524(a) of the Bankruptcy Code by issuing the Notice of Lien on September 12, 2006, or the Notice of Levy on February 13, 2008.

3. A separate Final Summary Judgment shall be entered consistent with this Order.